[Civ. No. 6599. Second Appellate District, Division One.—June 4, 1931.]

R. C. MIZE, Respondent, v. OLD TAYLOR FRUIT CO. (a Corporation), Appellant.

Irl D. Brett for Appellant.

Harris, Johnson, Willey & Griffith for Respondent.

BISHOP, J., *pro tem.*—Defendant appeals from an order returning this case from Los Angeles County to Fresno County for the convenience of witnesses. The action was commenced in Fresno County, but for reasons not appearing in the record was tranferred to Los Angeles County. We are of the opinion that an insufficient showing was made to warrant the order sending the case back to Fresno County. The affidavit filed in support of the motion to

transfer the case the second time names four witnesses whose convenience would be furthered by trying the action in Fresno rather than in Los Angeles. The showing in regard to their convenience is ample. But not only must it appear that the greater convenience of certain witnesses would be served, but that it would serve some useful purpose to have them as witnesses; that is, that they are expected to bring evidence which is material. (See *Gordon v. Perkins*, (1928) 203 Cal. 183, and cases cited, page 185 [263 Pac. 231].) It is the showing in this particular which we find insufficient.

In the amended complaint it is alleged that the defendant agreed to sell for plaintiff muscat grapes at a guaranteed price of $15 a ton net to plaintiff. Roughly, two-thirds of that claimed to be due has been paid; the balance is sought. The materiality of the testimony which the inconvenienced witnesses would give is to be tested by the issue raised by defendant's denial of the allegations just noted. The affidavit filed in support of the motion to transfer contains the following:

"That said witnesses will testify substantially as follows:

"Mr. Kirby will testify that Mr. Burns, an agent of Old Taylor Fruit Co. called on him during the negotiations for the purchase of grapes as alleged in the complaint and stated that Old Taylor Fruit Co. would pay $15.00 per ton net for muscats.

"Mrs. Roberts will testify that Burns, agent for Old Taylor Fruit Co., called her on *and* telephone and asked for Mrs. Kirby, who is jointly interested with the plaintiff herein in the crops of grapes set forth in said amended complaint, and, when informed that Mrs. Kirby was not there, he told Mrs. Roberts that defendant would pay $15.00 per ton for muscats. That Mrs. Roberts asked if this would be net, to which Burns replied 'yes'.

"Mrs. Kirby will testify that she called at the office of the Old Taylor Fruit Co., at which time Burns and a stenographer were present, and at that time Burns told her (Mrs. Kirby), in the presence of the stenographer, that the Old Taylor Fruit Co. would purchase muscats at $15.00 a ton net; that if she would call Mr. Taylor at the Hotel Californian, or telephone, he would confirm such offer; that she (Mrs. Kirby) then went to a Mr. Van Vleet's

office in the City of Fresno and called Mr. Taylor in regard to said offer.

"Mr. Van Vleet will testify that Mrs. Kirby came to his office and telephoned to Taylor in regard to said offer of $15.00 a ton net for muscat grapes."

Under no theory suggested to us or which we have been able to discover would any of the testimony thus projected be material unless Burns is shown to have been an agent of the defendant. That he was an agent is expressly denied in a counter-affidavit filed in opposition to the motion to transfer. This denial is unnecessary, however, for the affidavit in support of the motion fails to supply this necessary link connecting the testimony of the inconvenienced witnesses with the issues in the case. The reference to Burns as "an agent for the Old Taylor Fruit Co." is not an allegation of the fact that he was an agent (if that is a matter of fact and not itself faulty as being a conclusion of law). In *People* v. *Jones,* (1899) 123 Cal. 299 [25 Pac. 992], it was held that the denial of a statement in a complaint in a civil action that the defendant had taken certain steps "acting as the agent" of a party was not the denial of a material allegation, and so there was no perjury, for "direct and positive averments of the fact cannot be supplied by any intendment or implication, and where stated argumentatively or by way of recital or inference it is insufficient". Nor is the circumstance that one of the witnesses talked to Burns in the office of the defendant sufficient to support an inference that he, any more than she, was an agent authorized to quote prices.

The order is reversed.

Conrey, P. J., and York, J., concurred.