[Civ. No. 5683.  Third Appellate District.– May 28, 1937.]

C. S. BAIRD, Appellant, v. MRS. IDA SMITH, as Administratrix, etc., Respondent.

Clarence E. Todd for Appellant.

J. Oscar Goldstein for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order denying his motion for a change of the place of trial to the city and county of San Francisco for the convenience of witnesses and to meet the ends of justice pursuant to section 397, subdivision 3, of the Code of Civil Procedure. It is claimed the denial of the motion constitutes an abuse of discretion.

A suit in *assumpsit* was brought in the Municipal Court of San Francisco upon the assigned claim of Dr. Howard C. Naffziger of that city for the sum of $1250 as the reason-

able value of medical and surgical services performed by him upon the husband of the defendant Ida Smith. The action was transferred to Butte County, which is the place of residence of the defendant. An answer was filed, admitting that the services were performed, but denying that they were performed "at the special instance or request" of the patient or of his wife, or that they were reasonably worth more than $250. Plaintiff then moved for a change of venue back to the city and county of San Francisco for the convenience of witnesses and in the interest of justice. This motion was supported by affidavits, to which counter-affidavits were filed. Plaintiff's affidavits are in proper form. His affiants aver that the trial of the cause in San Francisco will accommodate fifteen named witnesses, most of whom are employed in the University of California Hospital at San Francisco, where the operation was performed and where the patient was treated. Ten of these witnesses, exclusive of Dr. Naffziger, are averred to be practicing physicians, most of whom belong to the said hospital staff, and who are personally familiar with the condition of the patient, the treatment which he received and the operation which was performed, and that each will testify to the nature and the value of the services performed. Some of the physicians were consulting or attending physicians who assisted Dr. Naffziger in the operation. The other witnesses consist of nurses who attended the patient, or custodians of the charts and records of the hospital. One of the physicians superintended the taking of X-ray pictures and reported the result thereof. Another physician administered the anesthetic at the time of the operation. It is averred each of these physicians is personally familiar with the case, and that none of the witnesses can attend a trial in Butte County without great loss and inconvenience to them and to the said hospital.

Two affidavits were filed in opposition to the motion. One affidavit was made by the defendant Mrs. Smith and the other by her attorney. The affidavit of Mrs. Smith avers that it is necessary to have present at the trial four physicians of Butte County, whom she names; that these physicians knew the condition of the patient prior to the time he went to the San Francisco hospital and will testify that his ailment was fatal and that it was useless to perform the operation for the reason that the patient was bound to die; that, *on information and belief*, these physicians would testify

as to the character and value of the services of Dr. Naffziger, and that they "were not worth the sum alleged in the complaint". The averments which are made on information and belief are valueless.

The affidavit of the attorney for the defendant merely avers, *as mere conclusions*, with respect to each physician named by the plaintiff as a necessary witness, that the physician is "not a necessary or proper witness" and "is not qualified to testify as to the amount and value of the services of Dr. Naffziger". Similar conclusions were stated with respect to other witnesses. The reasons for such alleged disqualifications are not stated. The affiant does further state, *on information and belief,* that seven of the physicians named in the plaintiff's affidavits are mere employees of the said hospital as internes without the knowledge or experience qualifying them to testify to the character and extent of the services performed. This affidavit does purport to stipulate with respect to certain physicians that defendant will admit "the character and extent of the services" performed. With respect to most of the physicians named by the plaintiff, this offer to stipulate to the character of the services performed is not made. This affidavit is pregnant with mere conclusions.

After a critical examination of the affidavits on motion for the change of place of trial, we are of the opinion the court abused its discretion in denying the application. It seems clear that the convenience of witnesses and the interest of justice requires a change of venue to San Francisco. If the convenience of eight or ten physicians and half a dozen employees of a prominent institution like the University of California Hospital does not establish just cause for a change of the place of trial of a suit without proper rebuttal, under the circumstances of this case, we are of the opinion it would be difficult to make an adequate showing which would require a change of venue for the convenience of witnesses. Ten physicians who are averred to have personal knowledge of the case and who will testify to the value of the services will be accommodated far more than nonexpert witnesses who are not connected with a great institution like the University of California Hospital. Even though we do not consider the other nurses and officers of the institution who are named as necessary witnesses, there is still a very persuasive showing requiring the change of venue.

On the contrary, there appears to be no competent evidence of material facts to be testified to by any physician in Butte County, who will be convenienced by retaining the trial in the last-mentioned county. The affidavit of Mrs. Smith merely names four physicians who she avers, *on information and belief,* will testify *as to the character and value of the services.* The fact that these physicians will testify as averred that the operation was useless and ineffectual to save the life of the patient is not material to the issues of this case. Ordinarily the value of a physician's service is not dependent upon the saving of the life of a patient. The marvelous skill of the greatest surgeons in the world is sometimes futile.

Affidavits for a change of venue which are based only on information and belief are of little or no value when the facts are within the knowledge or accessible to the affiant. Such affidavits create no conflict of evidence. (*Higgins* v. *City of San Diego,* 126 Cal. 303 [58 Pac. 700, 59 Pac. 209]; *Kellett* v. *Kellett,* 2 Cal. (2d) 45 [39 Pac. (2d) 203]; 1 Cal. Jur. 671, sec. 17.)

So, also, the counter-affidavit of the attorney in this case is of little value for the reason that most of the material issues are met by mere conclusions, without stating facts upon which the conclusions are based. It is said in 1 California Jurisprudence, page 669, section 15, that:

"An affidavit which does not state the probative facts necessary to be alleged, but which states conclusions of law, is a nullity, and any order based thereon is void."

Assuming that the defendant would concede for the purpose of the trial the nature and extent of the services performed, it does not definitely appear from any properly averred statement in the defendant's counter-affidavits that any of their expert witnesses can or will testify as to the *value* of the services. This seems to make it imperative under the showing to grant the motion.

It is well-settled law that the granting or refusal of a motion for a change of venue for the convenience of witnesses rests largely in the sound discretion of the court to which the motion is addressed. (*Blossom* v. *Waller,* 30 Cal. App. 439 [158 Pac. 509]; *Scott* v. *Stuart,* 190 Cal. 526 [213 Pac. 947].) The inconvenience of the parties to the act as distinguished from the witnesses is not to be considered in a

motion of this nature. (*Wrin* v. *Ohlandt*, 213 Cal. 158 [1 Pac. (2d) 991]; *Blossom* v. *Waller*, *supra*.)

The Wrin case, *supra*, upon which the respondent relies, is clearly distinguishable from the facts of this case In affirming an order changing the place of trial, the court there said that the witnesses upon whom the appellant in the case relied were "the real parties in interest as plaintiffs in the action", whose evidence should not be considered in determining the motion. That is not true in the present case. It is further said in the Wrin case that aside from these two parties to the action, there was but one other witness to be convenienced, and that there was no showing that "this remaining witness has any personal knowledge of any of the facts in the case". Upon the contrary, in the present case it does not appear that any of the witnesses relied upon by the respondent have any personal knowledge of the facts relating to the only remaining issue which is the reasonable value of the services performed.

We are of the opinion the court inadvertently abused its discretion in denying the motion.

The order is reversed and the court is directed to grant the motion for a change of venue to the city and county of San Francisco.

Plummer, J., and Pullen, P. J., concurred.