[Civ. No. 4773.   Fourth Dist.   Oct. 25, 1954.]

GLENN L. PREWITT, Appellant, v. GEORGIA PREWITT, Respondent.

Byers, Burd & Fraser for Appellant.

Rutan, Tucker, Howell & Tucker for Respondent.

GRIFFIN, J.—Plaintiff and appellant, on July 1, 1946, filed his complaint in Orange County for divorce against defendant and respondent.   It was uncontested and the court awarded custody of the two children, then aged 5 and 2 years, to the plaintiff father.   A similar order was entered in the final decree on July 19, 1948.   The plaintiff father and the two children moved to Concord, California, in March, 1949, and thereafter remained there.   Defendant mother remarried and on June 8, 1953, applied in Orange County, where she

resided, for a modification of the child custody order, and filed supporting affidavits to her claim that conditions had materially changed; that she did not have private counsel's advice at the time of the divorce proceedings; that she did not have any property or income then to support the children; that plaintiff was not married, worked daytimes, and could not properly care for the children; and that she desired their custody with reasonable right of visitation by the father.

At the hearing on the order to show cause plaintiff appeared with counsel and moved to transfer venue and jurisdiction from the Orange County court to the county of Contra Costa, upon the ground of convenience of witnesses, and on the grounds that the ends of justice would be promoted by said change. Affidavits in support of the motion were filed indicating that plaintiff was a fit and proper person to have the custody of the children, then aged 11 and 6 years respectively, and to require the children to leave their home and journey to Orange County would be detrimental to their mental and physical well-being, and be a disruption of their home life. A further showing was made that certain witnesses (naming them and what they expected them to testify to) who knew plaintiff's present home conditions, and of the health and happiness of the two children, were then living near Oakland and would be unable to attend the hearing in Orange County. It is alleged that they refused to attend the hearing due to their inconvenience to testify in Orange County. It was further indicated that the taking of depositions within the time required was impossible.

Defendant filed an affidavit in opposition to the motion and claims she wished to have testimony presented at the hearing by witnesses (naming them) who live in or near Orange County, and who would testify, in effect, that she was a suitable person to have custody of the children. She therein related many other happenings which she contends were material to the issue presented and that these witnesses would testify to those facts.

After hearing, plaintiff's motion for change and transfer of venue was denied on June 12, 1953. Plaintiff appealed from that order and contends that the trial court abused its discretion in denying the motion, and cites such authority as *Thompson* v. *Brandt*, 98 Cal. 155 [32 P. 890]; *Greene* v. *Superior Court*, 37 Cal.2d 307 [231 P.2d 821] and *Johnson* v. *Johnson*, 72 Cal.App.2d 721 [165 P.2d 552].

It appears from the showing made that the inconvenience of defendant's witnesses, in case a transfer of venue were made, would be about equal to that of plaintiff's witnesses if the action is retained in Orange County. ■ It is a cardinal principle of law that a party moving to change the venue of an action has the burden of proving that both the convenience of witnesses and the ends of justice will be thereby promoted. (*Willingham* v. *Pecora,* 44 Cal.App.2d 289 [112 P.2d 328]; *City of Stockton* v. *Ellingwood,* 78 Cal.App. 117 [248 P. 272].) ■ The granting or denial of a motion either to change or retain the place of trial for the convenience of witnesses is addressed to the sound discretion of the trial judge, and such an order will not be disturbed on appeal except for an abuse of discretion. (*Wood* v. *Silvers,* 35 Cal.App. 2d 604 [96 P.2d 366].)

■ In defendant's brief it recites that on the order to show cause hearing the trial court, after taking evidence on behalf of both parties, determined that both mother and father of the minor children were fit and proper persons to have their custody, it being of the opinion that the children should be given an opportunity to become better acquainted with the mother. It awarded custody to her for 30 or more days at different prescribed intervals during the year, and the remaining portion of the time to plaintiff.

Plaintiff now properly objects to this recitation of facts in defendant's brief, since such evidence could not be considered by this court in determining the merits of the appeal from the order here involved. Since we conclude that it does not appear from the evidence that there was any abuse of discretion on the part of the trial court in relation to the order. denying a change of place of trial, the recitation of the extraneous facts is harmless.

Order affirmed.

Barnard, P. J., concurred.