[Civ. No. 19999.   Second Dist., Div. One.   Oct. 26, 1954.]

DAVID M. BENJAMIN, Respondent, v. ROSE BENJAMIN, Appellant.

Jack Gold, Ellis Peter Miller and Jerome Lyman Richardson for Appellant.

Gold & Needleman and Harry M. Fain for Respondent.

WHITE, P. J.—On July 2, 1953, plaintiff filed an action for divorce in the Superior Court of Los Angeles County. Defendant was served with summons and complaint in the county of Riverside on or about August 7, 1953. Subsequently, defendant made a motion to change the place of trial to Riverside County. No counteraffidavits or other documents were filed by plaintiff in opposition thereto. At the hearing on defendant's motion held on August 21, 1953, the testimony of witnesses offered by plaintiff was taken, and defendant's motion was denied.

On September 23, 1953, the latter filed a motion to vacate the aforesaid order denying the motion for change of venue, and also filed a motion to make a new order changing the place of trial to Riverside County. Contemporaneously therewith, defendant filed a new affidavit of merits accompanied by some 23 affidavits of persons who were not parties to the litigation. At the subsequent hearing on the last-mentioned motions, both were denied. From the order denying the aforesaid motions defendant prosecutes this appeal.

As to the first of the foregoing motions the following will serve as an epitome of the factual situation presented to the court. It is agreed that the parties hereto were married in Chicago, Illinois, on December 22, 1948. Two years later they moved to Palm Springs, in Riverside County, California, and continued to reside there until the date of their separation on January 26, 1953. Subsequent to the separation plaintiff moved to Los Angeles. Defendant continued to reside with her mother in the residence at Palm Springs, in which both parties herein resided until the aforesaid separation.

Defendant testified that she rented an apartment in Los Angeles on June 10, 1953, pursuant to the advice of her physician that she avoid the extreme heat in Palm Springs during the summer months. That the apartment was a furnished one, rented on a month-to-month basis. That she removed some of her clothing to the Los Angeles apartment but retained the greater portion thereof at her Palm Springs address. She testified that she had a telephone installed at the apartment listed in her name. That she received no mail at the Los Angeles address except the telephone bill and a package of letters forwarded to her from Palm Springs.

The manager of the apartment house testified that since the apartment was rented on June 10, 1953, up to the time of the hearing on August 21, 1953, defendant had "been there two or three weeks."

Defendant further testified that she did not establish any bank accounts in Los Angeles County but maintained her account at a Palm Springs bank. That she continued to conduct her business at Palm Springs, which consisted of the ownership, subdivision and sale of real property, and for that purpose she maintained a business office at the latter place. Defendant further testified that she had never been a registered voter in California. That she had registered to vote in Chicago some five or six years prior to the hearing.

In opposition to defendant's motion, Mr. Benjamin, plaintiff in the action, testified that between the date of separation on January 26 and July 2, 1953, when the divorce action was filed, he had several telephone conversations with defendant regarding her intention to change her place of residence to Los Angles. That these conversations commenced in February and continued through the ensuing five months. That in general the statements made by defendant in these telephone conversations were that she (defendant), "would come and live with me anywhere that I would. And she understood I wanted to live in Los Angeles and no other place." Plaintiff further testified that defendant told him in the early part of June that she had moved to Los Angeles and that, "she had a very lovely apartment and lovely environment."

Contrary to the testimony of defendant, the plaintiff further testified that the former told him that the reason why she had rented the apartment in Los Angeles was because "her mother had gotten married and that there was no place for her down there." In answer to a question, "Is it true that you told him (plaintiff) that you wanted to come live with him in Los Angeles County?" defendant wife replied, "I told him I'd go to Timbuktu." She also testified that she was willing to leave her mother's home in Palm Springs and "come live with him (plaintiff)."

Coming now to a consideration of what transpired at the second hearing which was had on defendant's motion to vacate the previous order and to make a new order changing place of trial, the record reflects that defendant filed some 23 additional affidavits. The affidavit of her physician set forth that defendant's ailment, for which he was treating her, was greatly aggravated by the summer heat at Palm Springs, and that he advised her to leave the latter place during the summer months. The affidavit of Judge Eugene Therieau set forth that he had advised defendant on legal matters and that he had a conversation with her wherein she stated that

she was taking an apartment in Los Angeles during the summer months only in order to avoid the heat at Palm Springs, but that he continued at all times to correspond with her at her Palm Springs address. The remaining affidavits set forth that the deponents handled all business transactions with defendant at Palm Springs, observed her living there and operating her business at that place. That as business associates, neighbors and friends, they regarded Palm Springs as the fixed home of the defendant.

■ There can be no doubt of the right of a defendant to have certain actions tried in the county of his or her residence, and that such right, "is an ancient and valuable right which has always been safeguarded by statute and is supported by a long line of judicial decisions . . ." (*Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal.2d 579, 584 [127 P.2d 924, 141 A.L.R. 1173], Code Civ. Proc., § 395.)

The issue before the trial court was one of fact, namely, whether or not the defendant's residence was in the county of Riverside at the time of the commencement of the action on July 2, 1953. ■ And, in the absence of a showing of an abuse of discretion, we cannot disturb the determination of the court below (*Freedman* v. *Imperial Cattle Co.*, 112 Cal.App.2d 593, 597 [246 P.2d 986] ; *White* v. *Kaiser-Frazer Corp.*, 100 Cal.App.2d 754, 759 [224 P.2d 833] ). ■ Where there is a conflict in the inferences to be drawn from the evidence they must be resolved in favor of the trial court's order (*Blumer* v. *Kirkman Corp.*, 38 Cal.2d 480, 484 [241 P.2d 17] ). The question is not whether the evidence is conclusive but whether there is in the record such evidence as will sustain the order.

Section 244 of the Government Code provides in part that in determining a person's place of residence, among the rules to be observed are, "(a) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

"(g) The residence can be changed only by the union of act and intent."

Since residence can be changed only by the union of act and intent, the question arises whether there is in the record evidence sufficient to justify the conclusion arrived at in the trial court that defendant intended to make her residence in the county of Los Angeles, and that her conduct was illustrative of the *bona fides* of such intention.

■ There was evidence before the court that plaintiff

separated from his wife in Riverside County on January 26, 1953, and removed to Los Angeles. During the time plaintiff and defendant lived together at Palm Springs they resided in the home of defendant's mother. Some three months prior to the hearings had in the matters now engaging our attention, defendant's mother had remarried and on June 10, 1953, defendant rented an apartment in the city of Los Angeles and obtained a telephone listed in her own name. She had all her mail forwarded from Palm Springs to said apartment. Plaintiff testified that defendant advised him of her mother's remarriage and "that there was no place for her down there." When questioned as to whether she had told plaintiff that she desired to come to Los Angeles County and live with him there, defendant replied in the affirmative and added, "I told him I'd go to Timbuktu."

Since all intendments are in favor of the action of the court below, it follows that that court may rely not only on the facts directly testified to but also upon such inferences which may reasonably be inferred or presumed from the direct and positive statements.     So far as defendant's acts show what her intention was with reference to establishing a residence in Los Angeles County, we are impressed that the trial court could find sufficient in the testimony to justify an inference that Los Angeles had become her abiding place and that as to the acts indicating her intention there was sufficient conflict to bring the decision of the lower court within the rule hereinbefore announced with reference to the limitations upon the power of an appellate tribunal to disturb the conclusion arrived at by the duly constituted arbiter of the facts.

Being satisfied that the court below did not abuse its discretion in denying both motions filed by defendant it becomes unnecessary to consider or decide plaintiff's contention that the former was not entitled under section 473 of the Code of Civil Procedure, to the relief sought pursuant to her motion to vacate the original order denying motion for change of venue and to make a new order changing the place of trial.

For the foregoing reason the orders from which this appeal was taken are and each is affirmed.

Doran, J., and Drapeau, J., concurred.