[Civ. No. 16166. First Dist., Div. One. Feb. 15, 1955.]

JOHN HARDEN, JR., Respondent, v. SKINNER AND HAMMOND (a Partnership) et al., Appellants.

Philip S. Ehrlich, Albert A. Axelrod and Irving Rovens for Appellants.

Morgan & Beauzay for Respondent.

PETERS, P. J.—On the grounds of the convenience of witnesses and that the ends of justice would be promoted by the change, plaintiff John Harden, Jr., moved for a change of venue from San Francisco to Santa Clara County. The trial court granted the motion. Defendants, Skinner and Hammond et al., appeal. The sole question presented is whether the trial court abused its discretion in granting the motion.

By his first amended complaint respondent sought an accounting after dissolution of a claimed partnership. So far as pertinent here, it is therein alleged that by oral agreement respondent entered into a partnership with Skinner and Hammond, a then existing partnership, for the purpose of engaging in the accounting business in San Jose under the name "Skinner and Hammond"; that the firm was thereafter dissolved by mutual consent; and that although respondent, in reliance on the dissolution, abandoned the San Jose office, no steps have been in fact taken to wind up the partnership's affairs.

Appellants, who are the partnership of "Skinner and Hammond," and five individuals, other than respondent, comprising that firm, by answer denied that any partnership relationship ever existed between respondent and Skinner and Hammond. By cross-complaint it is alleged that respondent was an employee of the partnership and that, as such, he breached his position of trust by soliciting clients of the partnership as clients for a new firm formed by him. This cross-complaint prays that respondent be enjoined from soliciting clients, for a return of certain property, and for the partnership's share of the income of the San Jose office, operated by respondent.

The notice of motion for change of venue recites that such

motion will be made "on the ground that the convenience of witnesses and the ends of justice would be promoted by the change." The supporting affidavit contains the names and addresses of two sets of witnesses. The first list contains the names and addresses of 90 witnesses, all living in Santa Clara County. It is averred that all 90 are necessary witnesses who were former clients of the alleged partnership and who will testify that they did business with the partnership in San Jose; that many of them received announcements of the selection of respondent as a partner in the firm; that respondent signed their tax returns as a partner in the firm, and that he contracted as to charges, settled accounts, and had his name on the office door as a resident partner. The second list contains the names and addresses of nine employees of the alleged partnership, all living in Santa Clara County. These, too, are alleged to be necessary witnesses who, in addition to testifying as to the above facts, will also testify that in conversations with them appellants referred to respondent as a partner.

In their opposing affidavit appellants insist that the primary issue presented by the pleadings is whether or not a San Jose partnership existed. They offer to stipulate that statements were sent to clients announcing the selection of Harden as a resident partner of the firm, and that his name so appeared on the front door of the office, and on all stationery and forms used by Skinner and Hammond. That portion of these witnesses' proposed testimony as set forth in respondent's affidavit to the effect that respondent signed the clients' tax returns as a partner is attacked as irrelevant, incompetent, immaterial, self-serving, not the best evidence and hearsay, and inadmissible at the trial. The handling of the clients' accounts as a partner is claimed to be incompetent, irrelevant and immaterial, and as calling for the opinion and conclusion of the witnesses. It is also averred that the conversations between appellants and the employees set forth in respondent's affidavit are not admissible until respondent first makes a prima facie showing of the existence of the partnership. Appellants also aver that all of the witnesses named by respondent reside within 100 miles of San Francisco, and so, of course, could be subpoenaed, and that the principal office of the partnership is in San Francisco.

On this showing the trial court granted the motion for a change of venue. In our opinion the granting or denying of the motion was well within the discretion of the trial court.

Its action, therefore, cannot be disturbed by an appellate court.

Section 397 of the Code of Civil Procedure provides, in subdivision 3, that a change of venue may be granted "When the convenience of witnesses and the ends of justice would be promoted by the change." ■ There can be and there is no dispute that the granting or denying of such a motion is discretionary with the trial court and is subject to reversal only on a clear showing of an abuse of this discretion. (*Wood* v. *Silvers*, 35 Cal.App.2d 604 [96 P.2d 366]; *Rios* v. *Lacey Trucking Co.*, 123 Cal.App.2d 865 [268 P.2d 160].) ■ There can also be no doubt that before such a motion can be granted there must be some showing of both convenience of witnesses and that the ends of justice will be served by the change. (*People* v. *Spring Valley Co.*, 109 Cal.App.2d 656 [241 P.2d 1069]; *Churchill* v. *White*, 119 Cal.App.2d 503 [259 P.2d 974]; *Rios* v. *Lacey Trucking Co.*, 123 Cal.App.2d 865 [268 P.2d 160].) ■ It is equally clear that before such a motion may be granted it must appear that the witnesses involved will testify as to relevant and material facts. (*Mize* v. *Old Taylor Fruit Co.*, 114 Cal.App. 588 [300 P. 128]; *Gordon* v. *Perkins*, 203 Cal. 183 [263 P. 231]; *Ennis-Brown Co.* v. *Long*, 7 Cal.App. 313 [94 P. 250].) ■ Obviously, if the opposing party offers to stipulate to the facts to be adduced, this eliminates that issue from the case and the necessity of producing witnesses to prove the fact involved. (*Blossom* v. *Waller*, 30 Cal.App. 439 [158 P. 509]; *Wood* v. *Silvers*, 35 Cal.App.2d 604 [96 P.2d 366].) The fact that the witnesses may be subject to subpoena is not at all relevant on any issue here presented. Obviously, their convenience may be served, and the ends of justice served, by granting the change even though such witnesses could be subpoenaed.

Now how do these rules apply to the present case?

■ It is apparent that there was a sufficient showing of convenience of witnesses. All of the 90 client-witnesses live in Santa Clara County. Of course, the "mere numerical majority of the witnesses on one side or the other does not necessarily determine the merits of the motion" (*Wood* v. *Silvers, supra*, p. 607), but it is equally clear that a court cannot be said to have abused its discretion if it permits the trial to be had as near as possible to the residences of the greatest number of witnesses. Respondent's affidavit shows proximity of all 90 witnesses' residences to the requested *locus* of the trial. ■ Appellants made no countershowing

that their witnesses would be inconvenienced by the change, except to aver that the principal place of business of the partnership was San Francisco. This averment may be disregarded because convenience of the parties themselves may not be considered on such a motion. (*Wrin* v. *Ohlandt*, 213 Cal. 158 [1 P.2d 991]; *Rios* v. *Lacey Trucking Co.*, 123 Cal. App.2d 865 [268 P.2d 160].)

It is also apparent that, aside from the bare averment that the ends of justice would be served by the change, there was no specific averment as to the facts that are relied upon to support such averment. There can be no doubt, as already pointed out, that, in addition to the convenience of witnesses, there must be some evidence that the ends of justice will be served by the change, before the motion can be properly granted. But this does not mean that there must be direct evidence on that issue. ■ The trial court may rely not only on the direct facts set forth in the affidavits, but also on any reasonable and relevant inference arising therefrom. (*Benjamin* v. *Benjamin*, 128 Cal.App.2d 367 [275 P.2d 43].)

■ There are several logical and valid inferences arising from the averments in the affidavits to support the trial court's conclusion that the ends of justice will be better served by moving the trial closer to the witnesses. Thus, the witnesses will be accessible for immediate recall if further testimony from them is desired, thus preventing delays. The proximity of the San Jose office to the place of trial presumably makes more expeditious the production of records. The obvious savings in the witnesses' time and expense in traveling to and from the place of trial also promotes the ends of justice. Thus, the trial court was justified in inferring that justice would be promoted by the change.

■ As already pointed out, the evidence to be produced must be relevant and material and admissible. The showing here made satisfies these requirements. From the pleadings, it is obvious that the most significant issue in respondent's case will be proof of the oral agreement of partnership. It appears from respondent's affidavit with its list of witnesses and accompanying statement of the nature of their testimony (an essential in making a motion for change of venue on the ground of convenience of witnesses) (see *Juneau* v. *Juneau*, 45 Cal.App.2d 14 [113 P.2d 463]; *San Jose Hospital* v. *Etherton*, 84 Cal.App. 516 [258 P. 611]) that some 90 former clients of "Skinner and Hammond" will testify that they did business with appellants as a partnership; that they re-

ceived engraved announcements of respondent's selection as a partner; that his name was on the door of the offices and upon all stationery and forms as a resident partner; and that he dealt with their accounts and signed their tax returns in that capacity. It is true that part of this testimony will not be necessary because appellants in their affidavit offer to stipulate that these clients did receive announcements of the selection of respondent as a partner in "Skinner and Hammond" and that he was so represented upon the front door of the office in San Jose and upon all stationery and forms. But these witnesses, in addition to these stipulated facts, will testify that respondent signed their tax returns as a partner, and settled all accounts with them as a partner. Appellants claim that this evidence would be inadmissible hearsay, under the rule that a stranger to a partnership cannot testify as to the existence of a partnership. (*Hazard, Gould & Co.* v. *Rosenberg,* 177 Cal. 295 [170 P. 612]; see cases collected 20 Cal.Jur. p. 712, § 28.) But while this testimony may not be admissible to prove the existence of the partnership, it is relevant and admissible to show that in his relations with the witnesses respondent acted as, and was represented by appellants to be, a partner. In a sense such testimony will be merely cumulative of the conceded facts. It is equally true that evidence that is merely cumulative of conceded facts may be disregarded on such a motion. (*Di Giorgio Fruit Corp.* v. *Zachary,* 60 Cal. App.2d 560 [141 P.2d 8].) But the court, in a proper case, may consider such evidence, particularly in a case like the instant one. Here, it may be assumed, that respondent will testify as to an oral agreement of partnership. Appellants will deny such an agreement. Such may be assumed because the parties have already so averred in their verified pleadings. Respondent will be forced to rely in corroboration of his story on circumstantial evidence that he acted as a partner, and that appellants apparently acquiesced in such fact. He will be forced to rely on as many circumstances as he can produce that he was vested with the responsibility of a partner and acted like one, and thus try to convince the trial court that he in fact must have been a partner. While all this evidence of circumstances will be in a sense corroborative of his testimony as to the existence of the partnership, from a realistic standpoint the proof of the circumstances will be the very heart of respondent's case. Therefore, the clients' testimony will be both relevant and material, and certainly would be

admissible, at least after respondent has established a prima facie case by his testimony.

The testimony of the nine witnesses who are employees of Skinner and Hammond will also be relevant and material, and was properly considered by the trial court in granting the motion. ■ While it is generally stated that convenience of employees of the litigants should not be considered on such a motion (*Security Inv. Co.* v. *Gifford,* 179 Cal. 277 [176 P. 444]; *Wood* v. *Silvers,* 35 Cal.App.2d 604 [96 P.2d 366]), these nine witnesses are not being called by their employer to testify for such employer. They are being called by the adverse party and so are, as to him, ordinary witnesses.

■ Appellants claim that the proposed testimony of these witnesses as to conversations between them and appellants admitting the existence of the partnership is not admissible. It is undoubtedly the law that before a person can be charged as a partner by reason of his declarations made to third persons, a prima facie showing of the existence of a partnership must first be made. (*Swanson* v. *Siem,* 124 Cal.App. 519 [12 P.2d 1053].) But, after such a prima facie showing, the admissions of the several parties are admissible. (*Milstein* v. *Sartain,* 56 Cal.App.2d 924 [133 P.2d 836]; *Kloke* v. *Pongratz,* 38 Cal.App.2d 395 [101 P.2d 522].) Respondent will obviously establish a prima facie case by his own testimony in reference to the oral agreement pleaded by him. The admission testimony will then be admissible.

Appellants having failed to substantiate their claim that the trial court abused its discretion, the record in fact showing the contrary, the order granting the motion for a change of venue is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.