[Civ. No. 5432.   Fourth Dist.   Aug. 30, 1956.]

WILBUR S. LUMMIS, Respondent, v. LYNETTE C. LUMMIS, Appellant.

Peter T. Rice for Appellant.

Kimball & Smith for Respondent.

BARNARD, P. J.—The plaintiff brought this action for divorce on February 7, 1956, alleging in his complaint that he

*Assigned by Chairman of Judicial Council.

is and for more than one year last past has been a resident of this state, and for more than three months a resident of the county of San Diego. The defendant filed a demurrer and moved for a change of venue, alleging that at the time of the commencement of the action she was and still is a resident of the county of Los Angeles. Her affidavit in support of the motion alleged that she is a permanent resident of Los Angeles County; that she has adopted that location as her permanent residence; and that she did not reside in San Diego County at the time the action was filed. Nothing is alleged as to how long she had been a resident of Los Angeles County.

The plaintiff filed an affidavit in opposition to the motion alleging that he is a medical doctor, with the rank of captain in the United States Navy and stationed at the United States Naval Hospital at San Diego; that in his capacity as a medical doctor he has a strict schedule to fulfill and is under orders at such establishment; that he is unable to be away from the hospital for any extensive periods of time; and that several of the witnesses necessary to the presentation of his case are also members of the United States Navy, under orders, and unable to be away from their duties for any extensive periods of time.

After a hearing, the court entered an order denying the defendant's motion for change of venue. The defendant has appealed from that order contending that since it was undisputed that her residence was in Los Angeles County at the time this action was filed, the order denying a change of venue is erroneous. She cites a number of older cases supporting that contention, including *Bybee* v. *Fairchild*, 75 Cal.App.2d 35 [170 P.2d 54], where it is said "It is also well settled that the normal right of the defendant is to have the action tried in the county of his residence. For the cause to be triable elsewhere the plaintiff must bring himself clearly within the terms of some statutory exception."

Such a statutory exception appears in the 1955 amendments to sections 395 and 397 of the Code of Civil Procedure. The preceding sections of that code name the proper county for trial in numerous actions. Section 395 states the proper county for trial "in all other cases, except as in this section otherwise provided," and subject to the power of the court to transfer actions under certain circumstances. Section 395 was amended in 1955 by inserting therein the following provision: "In an action for divorce, the county in which the plaintiff has been a resident for three months next preceding the commence-

ment of the action is the proper county for the trial of the action.'' Section 397, stating the cases in which a court may change the place of trial, was also amended in 1955 by adding subdivision 5, which provides that when an action for divorce has been filed in the county in which the plaintiff has resided for three months next preceding the bringing of the action the court may change the place of trial ''when the ends of justice would be promoted by the change.''

The changes thus made in these two sections in 1955 were proposed to the Legislature by the State Bar as a part of its legislative program. In its report of March, 1955, to the Senate Interim Judiciary Committee, the State Bar pointed out that under existing law in most cases a divorce action was required to be tried in the county of the defendant's residence; that ''Generally this removed the action from the locality where the parties maintained their matrimonial domicile and where witnesses and persons have a knowledge of facts bearing upon various issues are apt to be found . . .''; that the proposed change in section 395 would remove the defendant's absolute right to have the venue changed to his county of residence in such a case; and that the proposed change in section 397 was sufficiently flexible to permit the court to order a change of venue where the ends of justice would be promoted by such a change.

Apparently, these statutes were changed for the specific purpose of making the county where the action is filed the proper county for trial, in such a case as this, except where the ends of justice would be promoted by a change. Whether the ends of justice would be promoted by a change of venue must necessarily rest largely in the discretion of the trial court, to be determined upon the facts which are there made to appear. No abuse of discretion here appears, and there is nothing in the record before us which would compel a different conclusion. Under these statutes as amended the appellant did not have an absolute right to a change of venue and, under the showing made, the order denying her motion may not be disturbed.

The order appealed from is affirmed.

Mussell, J., and Burch, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.