[Civ. No. 9161. Third Dist. Nov. 6, 1957.]

INTO WIRTA, Respondent, v. JOHN VERGONA et al., Defendants; IRVIN V. WILLAT, Appellant.

Alvin B. Baronov for Appellant.

Hill & Hill for Respondent.

VAN DYKE, P. J.—Irvin V. Willat, the sole defendant served with process herein, having answered the complaint, moved the court that the place of trial be changed from the county of Humboldt to the county of Los Angeles upon the grounds that thereby the convenience of witnesses and the ends of justice would be promoted. He appeals from an order denying his motion.

By the complaint herein plaintiff alleged as follows: That defendants John Vergona, Joseph Lombardi and Irvin V. Willat were copartners doing business as the Redwood Lumber Company and that each of them so held himself out to be such partner; that plaintiff and Redwood Lumber Company entered into a contract whereunder plaintiff agreed to sell redwood logs to the partnership; that plaintiff delivered logs pursuant to the contract and that there was a balance unpaid thereon for which plaintiff brought suit; that in entering into the contract plaintiff had relied upon the representations of said three defendants that they were all copartners in said business.

By appellant Willat's answer he denied that he was a member of the partnership or had represented himself so to be, but he did not deny the existence of the partnership or that John Vergona and Joseph Lombardi were partners therein. For want of information and belief he denied the making of the contract, the performance thereof, and that any balance was due for logs delivered.

In support of his motion for a change of the place of trial, appellant filed an affidavit by himself and 10 affidavits by others.

We think it unnecessary to relate in detail the contents of each affidavit. Most of them were by persons who had been employed at one time or another and in different capacities by the partnership and who averred that no statements had ever been made to them to the effect that appellant was a member of or interested in said partnership. Some said they had been either bookkeepers or accountants or tax consultants for the partnership and that the books and records of the partnership which had been in their custody or come under their observation did not reflect that Willat was a partner. Some of the affidavits showed that statements had been made to them by the two admitted partners to the effect that Willat was not a partner. One affidavit was by a manager of a branch bank in Los Angeles who testified that for years the partnership had maintained accounts with the bank and had obtained loans of money from the bank which had been negotiated through him and that he had never been informed that Willat was a member of the partnership; that the obligations of the partnership to the bank had not borne his signature; that his name had not appeared on any of the dealings between the bank and the partnership as shown by the bank's record. It was also shown that prior to the time this action was begun Vergona and Lombardi and the partnership had been adjudicated bankrupts; that plaintiff had filed his claim in said proceedings for the same debt herein sued upon; that all of the books and records of said partnership were in the custody of the trustee in bankruptcy and would be in such custody until the bankruptcy proceedings were ended.

Respondent, by his complaint, seeks to recover, first, upon allegations that Willat was a member of the partnership and as such liable to him for the debt he sues on; second, that if he was not such partner then he is still estopped to deny his status as such by reason of the representations made to respondent upon which respondent relied in contracting

with and extending credit to the partnership. Appellant argues that it would be difficult to prove that the books and records of the partnership do not show any interest of appellant therein as a partner without the production of said books and records and that because they are in the possession of the trustee in bankruptcy he will be unable to present them in Humboldt County for that purpose. As related to respondent's reliance upon membership in fact, such argument is persuasive. However, it could not be said appellant cannot make his proof through deposition. With respect to the other affidavits on the same issue of membership in fact, many of the averments would be hearsay and inadmissible. All of it would be quite inconclusive because, of course, it would be entirely possible that a great many people who, in one way or another, had dealt with the admitted partnership could truthfully assert they had never heard of appellant being a member thereof. With respect to the issue of liability through representation none of the matter averred by those who filed affidavits in support of appellant's motion would be material or admissible. On this subject, appellant asserts he never made such representations to respondent, but respondent's affidavits contain assertions that the representations were made and that they were made by appellant and that they were made solely within the County of Humboldt. Obviously, then, the most convenient place for the trial of the issue of representation would appear to be the County of Humboldt.

Under section 397, subdivision 3, of the Code of Civil Procedure, which authorizes a trial court on motion to change the place of trial when the convenience of witnesses and the ends of justice will be promoted, it is not only necessary that convenience of witnesses be served, but it is equally essential that the ends of justice be promoted. (*Churchill* v. *White,* 119 Cal.App.2d 503 [259 P.2d 974].) A mere numerical majority of witnesses on one side or the other does not necessarily determine the merits of the motion. (*Figley* v. *California Arrow Airlines,* 111 Cal.App.2d 285 [244 P.2d 472].)

The granting or refusal of a motion to change the place of trial under this section rests largely in the discretion of the court to which the motion is addressed and in order to reverse such order it must be clearly shown that the trial judge abused his judicial discretion in denying the change. (*Churchill* v. *White, supra; Baird* v. *Smith,* 21 Cal.App.2d 221 [68 P.2d 979]; *Maselli* v. *E. H. Appleby & Co., Inc.,* 117 Cal. App.2d 634 [256 P. 2d 618].)

We think this is peculiarly a case where the matter should be left to the discretion of the trial judge. The proof falls far short of showing an abuse of discretion.

Accordingly, the order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.