[Civ. No. 23980. Second Dist., Div. One. Nov. 30, 1959.]

JAMES L. FLANAGAN, Appellant, v. MABLE L. FLANAGAN, Respondent.

Lawton D. Champion for Appellant.

No appearance for Respondent.

LILLIE, J.—Plaintiff husband, a member of the armed forces stationed at Camp Roberts, filed in the court below an action for divorce alleging his residence to be in the county of San Luis Obispo, praying for custody of the one child of the marriage and denying paternity of another born to defendant. After filing her answer and verified cross-complaint for divorce alleging her residence to be in the county of Los Angeles and that the two children are the issue of the marriage, and praying for their custody and support, defendant moved for a change of venue to Los Angeles County. Her motion was based on two grounds: that San Luis Obispo County is not the proper county for the trial in that neither she, a resident of Los Angeles County, nor plaintiff, a member of the armed forces temporarily residing at Camp Roberts, is a resident of the county of filing; and that the convenience of witnesses, welfare of the minor children and the ends of justice will be promoted by changing the place of trial. Defendant's brief affidavit in support of the motion alleged, in addition to her residence and that of plaintiff, the names of

two witnesses she intends to call on the trial and that they are "material and necessary" for "the proper proof of the material allegations" of her cross-complaint and to establish her cause and defense, without whom she "cannot safely proceed with the trial." This is the extent of the only affidavit in support of the motion—it contains no mention of the nature of the testimony defendant expects from the witnesses, any inconvenience to them in attending the trial, or that the ends of justice will be served by the change.

Thereafter, neither defendant nor her counsel appeared at the hearing on the motion, although plaintiff's counsel was present, gave sworn testimony and offered the entire file in evidence. Continued further, defendant again failed to appear on her motion; plaintiff's counsel, who filed an affidavit in opposition, argued the matter; and upon its submission the trial court entered a minute order that "defendant's motion for change of venue on the grounds of convenience of the witnesses and the promotion of justice is hereby granted." It is from this order plaintiff appeals. Respondent has failed to file an appearance in this proceeding.

Inasmuch as the lower court's order limited the granting of the motion to the "convenience of the witnesses and the promotion of justice," we have no concern for appellant's initial contention predicated upon the court's alleged error in granting the motion on the ground that San Luis Obispo County is not the proper county for trial, citing section 395, Code of Civil Procedure and *Lummis* v. *Lummis*, 144 Cal.App. 2d 255 [300 P.2d 869]. The only issue before us is whether the court below abused its discretion in granting the motion on the grounds set forth in its order.

As substantial as the rule that a change of place of trial for convenience for witnesses and the promotion of the ends of justice is discretionary with the trial court and subject to reversal only on a clear showing of abuse (*Wood* v. *Silvers*, 35 Cal.App.2d 604 [96 P.2d 366, 97 P.2d 265]; *Scott* v. *Stuart*, 190 Cal. 526 [213 P. 947]; *Rios* v. *Lacey Trucking Co.*, 123 Cal.App.2d 865 [268 P.2d 160]), is that providing "that a party moving to change the venue of an action has the burden of proving that both the convenience of witnesses and the ends of justice will be thereby promoted" (*Prewitt* v. *Prewitt*, 128 Cal.App.2d 344, at p. 346 [275 P.2d 63]; *Willingham* v. *Pecora*, 44 Cal.App.2d 289 [112 P.2d 328]; *City of Stockton* v. *Ellingwood*, 78 Cal.App. 117 [248 P. 272]).

Mindful of these rules and basing our considerations upon the verified pleadings in the record before us and the affidavit in support of the motion, we can only conclude that the trial judge abused the discretion vested in him in granting defendant's motion. Section 397, subdivision (3), Code of Civil Procedure, provides that the court may, on motion, change the place of trial "(w)hen the convenience of witnesses and the ends of justice would be promoted by the change." This section contains conjunctive conditions, both of which must occur, and the moving party bears the burden of proof not only that the convenience of witnesses, but that the ends of justice would be promoted by the change. (*Willingham* v. *Pecora, supra,* 44 Cal.App.2d 289; *Wirta* v. *Vergona,* 155 Cal. App.2d 29 [317 P.2d 78]; *Peiser* v. *Mettler,* 50 Cal.2d 594 [328 P.2d 953]).

Referring now to the "convenience of witnesses," the showing in support of the motion made by affidavit must set forth three elements—"the names of the witnesses, the nature of the testimony expected from each, and the reasons why the attendance of each would be inconvenient" (*Peiser* v. *Mettler, supra,* 50 Cal.2d 594, at p. 607; *Juneau* v. *Juneau,* 45 Cal.App.2d 14 [113 P.2d 463]; *San Jose Hospital* v. *Etherton,* 84 Cal.App. 516 [258 P. 611]; *First-Trust Joint Stock Land Bank* v. *Meredith,* 16 Cal.App.2d 504 [60 P.2d 1023, 62 P.2d 369]). The obvious reason for the requirement that the showing include the nature of the testimony expected from each witness is set forth at page 607 in *Peiser* v. *Mettler, supra,* 50 Cal.2d 594: "Before the convenience of witnesses may be considered as a ground for an order granting a change of venue it must be shown that their proposed testimony is admissible, relevant and material to some issue in the case as shown by the record before the court. (*Miller & Lux* v. *Kern County Land Co.,* 140 Cal. 132, 138 [73 P. 836]; *Wong Fung Hing* v. *San Francisco etc. Funds,* 15 Cal.App. 537 [115 P. 331]; *Mize* v. *Old Taylor Fruit Co.,* 114 Cal.App. 588 [300 P. 128]; *Harden* v. *Skinner & Hammond,* 130 Cal.App.2d 750 [279 P.2d 978].)"

Although defendant's affidavit names the two witnesses she intends to call on the trial, apart from her conclusion that they are "material and necessary" it completely omits any recitation concerning that about which she expects them to testify, and nowhere in the record before us does the nature of any expected testimony appear. There is nothing in either her affidavit or her verified pleading from which the

lower court could determine the materiality of any expected testimony, its necessity, purpose or value, or that there exists any connection between the testimony of the inconvenienced witnesses and the issues in the case (*Mize* v. *Old Taylor Fruit Co., supra,* 114 Cal.App. 588). That her showing is insufficient to support her motion is borne out by defendant's failure by way of affidavit or other recitation in the record to indicate the nature of the testimony which she expects from her witnesses, and because of it the trial court's inability to determine the materiality of the evidence or the necessity for the testimony of such witnesses (*Pascoe* v. *Baker,* 158 Cal. 232 [110 P. 815]; *Baird* v. *Smith,* 21 Cal.App.2d 221 [68 P.2d 979]).

Her affidavit is equally silent on the matter of the convenience of her witnesses, failing even to mention that they would be inconvenienced by attending the trial in San Luis Obispo County. As in the matter of the materiality of the expected testimony, it is also necessary for the movant to show by affidavit or otherwise the reasons why attendance in court would be inconvenient for the witnesses (*Peiser* v. *Mettler, supra,* 50 Cal.2d 594). Although it is unnecessary to allege their residence in the county where venue is sought (*Willingham* v. *Pecora, supra,* 44 Cal.App.2d 289) because it is their convenience in attending the trial rather than the place of actual residence of the witnesses that is the issue (*Dick* v. *La Madrid,* 82 Cal.App.2d 450 [186 P.2d 149]), there is nothing in either defendant's affidavit or the pleadings suggesting the locality in which they live, stay or work; or, if employed where, when, by whom, or the nature of their employment; or the accessibility to or remoteness of the court or the lack of means of conveyance or time for attending the trial; or the lack of convenience due to distance, inability to leave work or home, health or old age. No reasons are offered and no facts are recited from which the trial court could even draw a reasonable inference that the convenience of the witnesses would be promoted by the change (*Wood* v. *Silvers, supra,* 35 Cal.App.2d 604).

Subdivision (5) of section 397, Code of Civil Procedure, expressly allows a change of place of trial of a divorce action to the county of defendant's residence when "the ends of justice would be promoted by the change." It appears, however, from the language employed in the lower court's minute order that the motion was granted under subdivision (3) of section 397, which couples the convenience of witnesses and

the ends of justice. In any event, the requirement of the burden of proof is the same under both subdivisions.

 Concerning the "ends of justice," recent cases indicate that the phrase is not only an essential part of the notice, but goes to the substance of the motion. Said the court in *Harden* v. *Skinner & Hammond, supra*, 130 Cal. App.2d 750, at page 754: "There can also be no doubt that before such a motion can be granted there must be some showing of both convenience of witnesses and that the ends of justice will be served by the change." And it is equally clear that the affidavit supporting the motion must aver the facts from which such a conclusion may be reached: "It is also apparent that, aside from the bare averment that the ends of justice would be served by the change, there was no specific averment as to the facts that are relied upon to support such averment." (P. 755.) In the affidavit at bar there appears not even the bare averment that the ends of justice would be served by changing the trial from San Luis Obispo County to the County of Los Angeles.

 Before a motion to change venue may be granted, "it must appear that the witnesses involved will testify to relevant and material facts" (*Harden* v. *Skinner & Hammond, supra*, 130 Cal.App.2d 750; *Mize* v. *Old Taylor Fruit Co., supra*, 114 Cal.App. 588; *Gordon* v. *Perkins*, 203 Cal. 183 [263 P. 231]), that the witnesses will be inconvenienced unless the place of trial is changed (*Peiser* v. *Mettler, supra*, 50 Cal. 2d 594), and that the ends of justice will be promoted by a change of venue. (*Harden* v. *Skinner & Hammond, supra*, 130 Cal.App.2d 750.) Although the trial court may rely, not only on direct facts set forth in the supporting affidavit and the verified pleading in the record, but on any reasonable and relevant inferences arising therefrom (*Benjamin* v. *Benjamin*, 128 Cal.App.2d 367 [275 P.2d 43]), the record before us is so bare of information relating to the matters at issue that there is nothing from which even a reasonable inference justifying the granting of the motion on the grounds recited in the order may be drawn. Since we hold defendant's showing is wholly insufficient, we refrain from commenting on the counteraffidavit filed by plaintiff in opposition to the motion.

Inasmuch as there is no support in the record for the trial court's order granting defendant's motion for change of venue, the order must be and is reversed.

Wood, P. J., and Fourt, J., concurred.