THE COURT.
 

 Petitioners Ralph A. Dillman and Harriet W. Dillman seek a writ of mandate, pursuant to section 400 of the Code of Civil Procedure, directing the trial court to set aside an order made on March 7, 1962, granting a motion for change of venue from the County of Los Angeles to the County of Santa Barbara, and to compel respondent court to retain venue.
 

 On December 5, 1961, petitioners, as plaintiffs, filed an action in the Superior Court of the County of Los Angeles seeking damages for the death of their daughter Mary Kay Dillman who, it is alleged, died as a result of ingesting a drug commonly known as Chloromycetin manufactured, prescribed, sold and administered by the defendants. The action is based upon negligence and breach of warranty. Named as defendants are Parke, Davis and Company, a corporation with its principal place of business in California located in the
 
 *771
 
 County of Los Angeles, Harold A. Carswell, M.D., L. M. Caldwell, Red Cross Drug Company, Doll’s Pharmacy, and several defendants under fictitious names. All of the named defendants have filed their answers to the complaint.
 

 Defendant Caldwell, at the time of answering, moved for a change of venue to Santa Barbara County upon the grounds that said defendant and a majority of the other defendants were residents of Santa Barbara County; that all purchases and all warranties, if any, were made in said county; and that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to said county. The motion was supported by the declaration of Peter Burrows, attorney for defendant Caldwell, in which it is asserted that all of the above-named defendants, with the exception of the corporate defendant, reside or are located in the City of Santa Barbara; and that “the medication complained of was entirely prescribed, purchased by, and consumed by Mary Kay Dillman in the County of Santa Barbara, . . . .”
 

 A supplemental declaration of said attorney states that defendant Caldwell maintains a pharmacy in the City of Santa Barbara; that “said defendant’s pharmacy filled a prescription for Chloromycetin which was presented to said pharmacy by Mary Kay Dillman, plaintiff’s [sm] decedent herein in the latter part of 1960, and that defendant Caldwell has informed Declarant that said product was handled and repackaged for said Mary Kay Dillman by John Dendinger, a licensed pharmacist employed at that time by defendant Caldwell; that said John Dendinger now resides in said City of Santa Barbara, and that he will be an essential witness herein in behalf of defendant Caldwell, since Declarant is informed and believes said defendant Caldwell did not personally fill said prescription; ...” Affiant then indicates the general subject of the expected testimony of this witness. It is claimed that the inconvenience and expense, as well as the loss of gainful employment to be incurred by Caldwell and Dendinger, make it unfair to require them to attend trial in Los Angeles County.
 

 Thereafter an affidavit in support of the motion was filed by Fred S. Lack, Jr., attorney for defendant Carswell, in which it is averred that most, if not all, of the witnesses who will testify in this action reside in Santa Barbara County; that “ [a]t this time, witnesses known to be residents of Santa Barbara County are as follows: Hans Gebhardi, M.D., who
 
 *772
 
 treated the deceased, Mary Kay Dillman, prior to her being treated or seen by any defendants and who referred her to Bow'dre Carswell, M.D.; Teachers and people in charge of Miss Dillman at Westmont College prior to and during the time she received medical treatment in Santa Barbara, the exact names and identities at this time are unknown.”
 

 Counsel for defendant Parke, Davis and Company also filed a supporting affidavit alleging that “insofar as defendant knows at this time, all of the employees of Parke, Davis and Company who may testify in this matter reside in or about the City of Detroit, State of Michigan and, insofar as defendant is presently aware, none of the employees of defendant who work in or out .of defendants’ office in Los Angeles, California, possess any knowledge of this matter that would be relevant to the issues of this case. ’ ’
 

 In opposition to the motion the counteraffidavit of petitioners establishes the corporate “residence” of Parke, Davis and Company in Los Angeles County.
 

 It is clear from the foregoing that a change of venue was not justified on the basis of residence of some of the defendants in Santa Barbara County. A corporation is properly sued in the county where its principal place of business is situated. (Cal.Const., art. XII, §16.) Section 395, Code of Civil Procedure, provides that the county of residence of defendants “or some of them” is the proper county of venue. It is stated in Witkin, California Procedure, section 246, page 763: “The general rules governing joinder of defendants and the effect of such joinder on venue apply whether the defendants are individuals or corporations. Hence, if a cause of action is stated against both, and the joinder is in conformity with the statutes, the plaintiff may fix the venue at the residence of either the individual or the corporation.
 
 (Winterburn
 
 v.
 
 Sheriff
 
 (1923) 61 Cal.App. 531, 535 [215 P. 406];
 
 Aisbett
 
 v.
 
 Paradise Mt. Min. etc. Co.
 
 (1913) 21 Cal.App. 267 [131 P. 330];
 
 Hale
 
 v.
 
 Bohannon
 
 (1952) 38 Cal.2d 458, 472 [241 P.2d 4] [dictum].) ”
 

 “Where a corporation and an individual are properly joined as defendants and the action is commenced in the county where the corporation has its principal place of business the individual defendant may not have the action moved to the county of his residence, if different, for trial.
 
 (Hellman
 
 v.
 
 Logan,
 
 148 Cal. 58 [82 P. 848].)”
 
 (Hale
 
 v.
 
 Bohannon,
 
 38 Cal.2d 458. 472 [241 P.2d 4].)
 

 Since it is undisputed that the corporate residence of Parke, Davis and Company is located in Los Angeles County,
 
 *773
 
 the within action was commenced in the proper county, subject to the power of the court to grant a change of venue “ [w]hen the convenience of witnesses and the ends of justice would be promoted by the change.” (Code Civ. Proe., §397, subd. 3.)
 

 Edwards
 
 v.
 
 Pierson,
 
 156 Cal.App.2d 72, 75 [318 P.2d 789], states the well-settled rule that “ [t]he burden rests upon one who seeks a change of venue under Code of Civil Procedure, section 397, subdivision 3, to prove that both the convenience of witnesses and the ends of justice will be promoted thereby.
 
 (Prewitt
 
 v.
 
 Prewitt,
 
 128 Cal.App.2d 344, 346 [275 P.2d 63];
 
 City of Stockton
 
 v.
 
 Ellingwood,
 
 78 Cal.App. 117, 121 [248 P. 272].) This he must do through affidavits which contain something more than generalities and conclusions.
 
 (Baird
 
 v.
 
 Smith,
 
 21 Cal.App.2d 221, 224 [68 P.2d 979].)” Concerning the “convenience of witnesses” the court in
 
 Flanagan
 
 v.
 
 Flanagan,
 
 175 Cal.App.2d 641, 644 [346 P.2d 418], states that “the showing in support of the motion made by affidavit must set forth three elements—‘the names of the witnesses, the nature of the testimony expected from each, and the reasons why the attendance of each would be inconvenient'
 
 (Peiser
 
 v.
 
 Mettler, supra,
 
 50 Cal.2d 594, at p. 607 [328 P.2d 953, 74 A.L.R.2d 1];
 
 Juneau
 
 v.
 
 Juneau,
 
 45 Cal.App.2d 14 [113 P.2d 463];
 
 San Jose Hospital
 
 v.
 
 Etherton,
 
 84 Cal.App. 516 [258 P. 611];
 
 First-Trust Joint Stock Land Bank
 
 v.
 
 Meredith,
 
 16 Cal.App.2d 540 [60 P.2d 1023, 62 P.2d 369]). The obvious reason for the requirement that the showing include the nature of the testimony expected from each witness is set forth at page 607 in
 
 Peiser
 
 v.
 
 Mettler, supra, 50
 
 Cal.2d 594: ‘Before the convenience of witnesses may be considered as a ground for an order granting a change of venue it must be shown that their proposed testimony is admissible, relevant and material to some issue in the case as shown by the record before the court. [Citations.] ’ ”
 

 Upon examination of the declarations of the moving parties ’ counsel, it is apparent that the convenience of Mr. Caldwell cannot be considered. Convenience of parties is not a factor in determining a motion for change of venue in the absence of unusual circumstances or hardship
 
 (Edwards
 
 v.
 
 Pierson, supra,
 
 156 Cal.App.2d 72, 76), and no such circumstances have been shown here. (Cf.
 
 Simonian
 
 v.
 
 Simonian,
 
 97 Cal.App.2d 68 [217 P.2d 157].)
 

 Likewise, “the rule is well settled that the convenience of employees of a party to an action need not be consulted
 
 *774
 
 in passing upon a motion for change of venue. [Citation.] ”
 
 (Barnett
 
 v.
 
 United Oil Co.,
 
 5 Cal.App.2d 175, 179 [42 P.2d 656].) The declaration in support of the motion states that John Dendinger was employed by defendant Caldwell at the time the prescription was filled at said defendant’s pharmacy in the latter part of 1960. At oral argument it was conceded that Dendinger was and presently is an employee of Caldwell. Since the only witnesses mentioned in these declarations are Mr. Caldwell, a party to the litigation, and Mr. Dendinger, his employee, there is no basis whatever therein for change of venue grounded upon convenience of witnesses. It is stated in
 
 Maxwell
 
 v.
 
 Murry,
 
 190 Cal.App.2d 440, 443 [11 Cal.Rptr, 916]: “Resolution of the issue rests largely in the sound discretion of the trial court and the exercise of that discretion will be reversed only on a clear showing of abuse [citations]. However, it must first be determined that sufficient facts have been shown upon which the trial court could base an exercise of that discretion.”
 

 The affidavits of counsel for codefendants Carswell and Parke, Davis and Company
 
 [1]
 
 in support of the motion are of no assistance to the moving party. The latter affidavit is of no consequence, and that of counsel for Carswell obviously fails to meet the requirements as set forth in
 
 Flanagan
 
 v.
 
 Flanagan, supra,
 
 175 Cal.App.2d 641, 644. There is no showing in this affidavit or in the entire record before us to indicate the nature of the expected testimony of these prospective witnesses,
 
 most
 
 of whom are unnamed, thus making it impossible for the court to determine whether they are material and necessary witnesses for defendants. (See
 
 Ennis-Brown Co.
 
 v.
 
 Long,
 
 7 Cal.App. 313, 316 [94 P. 250].) Further, it is not stated that the witnesses will be inconvenienced by attending trial in Los Angeles County or that the ends of justice will be promoted by a change of venue.
 

 Because the affidavits are insufficient in the respects noted, it is unnecessary to discuss other asserted defects therein.
 

 Upon the showing made, the court could not properly consider the convenience of any of the witnesses designated in the petition or affidavits.
 

 Let the peremptory writ issue as prayed.
 

 [1]
 

 Although these codefendants are not formal parties to the motion, their affidavits were before the court and may be considered as evidence on behalf of the moving defendant. (Cf.
 
 Goossen
 
 v.
 
 Clifton, 75
 
 Cal.App.2d 44, 50 [170 P.2d 104];
 
 Gardner
 
 v.
 
 Steadman,
 
 31 Cal.App. 447, 449 [160 P. 834].)