[Civ. No. 21266. First Dist., Div. Three. May 31, 1963.]

HEDY ROTHSCHILD, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; WESTERN GREYHOUND LINES, Real Party in Interest.

Julius A. Leetham for Petitioner.

No appearance for Respondent.

Carroll, Davis, Burdick & McDonough and Gilbert Esenberg for Real Party in Interest.

DRAPER, P. J.—This venue question arises in a personal injury action. The complaint alleges that plaintiff was a

passenger in a bus of defendant Western Greyhound Lines, real party in interest, when, near Tucson, Arizona, it lurched, throwing her from her seat to the floor. Commenced in Los Angeles County, the action was transferred to San Francisco on defendant's motion (Code Civ. Proc., § 397, subd. 1). After interrogatories revealed the names of witnesses, plaintiff moved for change of venue to Los Angeles on the ground that "the convenience of witnesses and the ends of justice would be promoted by the change" (Code Civ. Proc., § 397, subd. 3).

Plaintiff filed affidavits of her doctor and of Adolph Rothschild (relationship to plaintiff undisclosed by either side), who was a passenger in the bus. Both live and work in Los Angeles, and aver that attendance at trial in San Francisco would inconvenience them. Other than Rothschild and plaintiff there were but two passengers in the bus. Their declarations were filed by defendant. One lives in Ohio and the other is in an army unit in Germany. Each says only that "it would be no more inconvenient" to appear in San Francisco than in Los Angeles.

The trial court denied the motion, plaintiff filed timely petition for writ of mandate (Code Civ. Proc., § 400) and we issued alternative writ.

 Defendant fails to make a case for retention in San Francisco, since its witnesses can appear as conveniently in either county. But the burden of establishing convenience is on the moving party (*Flanagan* v. *Flanagan*, 175 Cal. App.2d 641, 643 [346 P.2d 418]). Thus we must examine the showing of plaintiff.

 The general rule that experts are to be disregarded in determining convenience of witnesses does not apply to one who has direct knowledge of relevant facts (*Security Investment Co.* v. *Gifford*, 179 Cal. 277, 278 [176 P. 444]; *Maxwell* v. *Murray*, 190 Cal.App.2d 440, 444-5 [11 Cal.Rptr. 916]).
 Plaintiff's doctor avers that he has treated her for her injury continuously for some 16 months commencing shortly after the accident, and that he knows the course of her recovery and setbacks. Defendant's contention that his convenience cannot be considered because he does not give a "description" of his practice is specious. He avers that his home, his practice, and his patients are in Los Angeles. Thus his convenience is to be considered. The witness Rothschild sets forth the testimony he will give, states his residence to be in Los Angeles, and says that he will be inconvenienced personally and in his business by trial in San Francisco.

Thus plaintiff shows that the convenience of two witnesses will be served by the transfer, and defendant shows only that none will be inconvenienced by it. Denial was therefore an abuse of discretion.

■ We have disregarded the affidavits of plaintiff and of the driver of defendant's bus. In the absence of special circumstances (*Simonian* v. *Simonian*, 97 Cal.App.2d 68 [217 P. 2d 157]) which are not suggested here, neither the convenience of a party (*Peiser* v. *Mettler*, 50 Cal.2d 594, 612 [328 P.2d 953, 74 A.L.R.2d 1]) nor an employee of a party (*Chaffin Constr. Co.* v. *Maleville Bros.*, 155 Cal.App.2d 660, 663 [318 P.2d 196]) is to be considered in determining a motion of this type.

Peremptory writ shall issue, directing transfer of the action to Los Angeles County.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied June 18, 1963, and the petition of the real party in interest for a hearing by the Supreme Court was denied July 24, 1963.