[Civ. No. 10726.   Third Dist.   July 15, 1963.]

PEARLINE E. HENSON, Petitioner, v. THE SUPERIOR COURT OF YUBA COUNTY, Respondent; CHARLES HENSON, Real Party in Interest.

Marcel E. Cerf, Robinson & Leland and Henry Cohen for Petitioner.

No appearance for Respondent.

Donald E. Huckins for Real Party in Interest.

THE COURT.—This is a petition for writ of mandate after the order of respondent court denying petitioner's motion for change of venue.

Petitioner is the defendant and cross-complainant in a di-

vorce action brought by her husband, the real party in interest, in the Yuba County Superior Court. In his complaint he alleged his residence to be in Yuba County. Petitioner in her cross-complaint alleged her residence to be in the City and County of San Francisco. Thereafter petitioner regularly moved the trial court to transfer the action to the superior court of said city and county. The motion was made under Code of Civil Procedure, section 397, subdivision 3 (convenience of witnesses), and under section 397, subdivision 5.[1]

The notice of motion was accompanied by petitioner's affidavit of merits, included in which was a showing that five named witnesses were necessary to her case and would be called to testify in her behalf, four of whom resided in San Francisco and one in Solano County. An affidavit specified the testimony these witnesses would give. San Francisco was alleged to have been the place of marital domicile at the time of separation. Other facts were alleged in detail showing that inconvenience would occur if these witnesses were required to attend trial in Marysville. Real party in interest in his opposing affidavit averred that the marital domicile at time of separation had been in Suisun, Solano County. His principal answer to petitioner's affidavits was that a pregnant witness whom plaintiff was to call would have had her child, that all other witnesses petitioner had named were her relatives.

The husband in his affidavit did not name a single witness to be called on his own behalf, nor even that any witness would be called. While he contended that petitioner and the witnesses could travel to Marysville in one car, he did not answer petitioner's allegation that neither she nor any of her witnesses owned a car.

On this showing the trial court denied the motion without comment. We issued an alternative writ at the hearing of which real party in interest did not appear.

█ A writ of mandate is the proper method of review and the petition is timely. (Code Civ. Proc., § 400.)

---

[1] This subdivision provides, in part, that the court may, on motion, change the place of trial:

"When an action for divorce has been filed in the county in which the plaintiff has been a resident for three months next preceding the commencement of the action, and the defendant at the time of the commencement of the action is a resident of another county in this State, to the county of the defendant's residence, *when the ends of justice would be promoted by the change. . . .*" (Italics supplied.)

In moving for a change of venue under Code of Civil Procedure section 397, subdivision 3, the moving party has the burden of proving both that the change will be more convenient to the witnesses and that the ends of justice will be best served by the change. (*Peiser* v. *Mettler,* 50 Cal.2d 594 [328 P.2d 953, 74 A.L.R.2d 1].)

Code of Civil Procedure section 397, subdivision 5 was added in 1955 (Stats. 1955, ch. 832). Prior thereto it had been held as early as 1893 that although, under Civil Code section 128, a divorce action must be commenced in the county of plaintiff's residence, it could be removed to the county of defendant's residence, under Code of Civil Procedure section 395. (*Warner* v. *Warner,* 100 Cal. 11 [34 P. 523].) When such motion for removal was made, the only method of retaining the trial in the county of plaintiff's residence was by a countermotion under Code of Civil Procedure section 397, subdivision 3, based on convenience of witnesses. "Consequently, such actions were often removed from the locality where the parties maintained their matrimonial domicile and where the witnesses and persons having knowledge of facts bearing upon issues were apt to be found." (Comments, *The 1955 Changes in the Code of Civil Procedure,* 29 So.Cal.L.Rev. 104.) This motivated the Legislature in 1955 to amend section 395, eliminating the *automatic* right of removal by providing therein that the county of plaintiff's residence was the *proper county for the trial of the action.* At the same time, however, by the amendment adding subdivision 5 to Code of Civil Procedure section 397, the trial court was given a broad discretion to prevent possible abuses, since the trial court on motion of defendant was permitted to remove the action to the county of defendant's residence "when the ends of justice would be promoted by the change." It is stated in the law review comment noted above, quoting from the California Senate Interim Judicial Committee Report of March 1955 : " 'This language, it is believed, empowers the trial court to consider all pertinent factors and not merely the "convenience of witnesses" as is now provided for actions generally, by subsection 3 of section 397.' " (29 So.Cal.L.Rev. at p. 105.)

Here there had been a substantial showing by petitioner not only that the convenience of witnesses, *but also* other interests of justice, would be served by the removal of the action to San Francisco. Whether the last marital do-

micile of the parties had been in San Francisco or Solano County, petitioner had listed five witnesses all residing and working in or near the San Francisco Bay Area and all constituting "witnesses and persons having knowledge of facts bearing upon issues." (29 So.Cal.L.Rev., *supra*.) The husband had made no showing whatever that either party prior to their separation had had any identity whatever with Yuba County and, as stated above, had named no witness whose convenience would be served, nor fact suggesting that the ends of justice would be promoted otherwise by retaining venue in Yuba County.

Under the circumstances the denial of the motion by the trial court was not an exercise of discretion serving the ends of justice but an arbitrary failure to exercise discretion. (*Pearson* v. *Superior Court*, 199 Cal.App.2d 69, 78 [18 Cal. Rptr. 578]; *Rothschild* v. *Superior Court*, 216 Cal.App.2d 778 [31 Cal.Rptr. 248]; *E. C. Livingston Co.* v. *Blythe etc. Assn.*, 139 Cal.App.2d 161 [293 P.2d 96].)

The peremptory writ of mandate will issue as prayed for.