[Civ. No. 61375. Second Dist., Div. Five. May 18, 1981.]

MACARIO AGUINIGA SILVA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ELDA C. SILVA, Real Party in Interest.

COUNSEL

Mary E. Freitas for Petitioner.

No appearance for Respondent.

Roquemore, Pringle & Moore and Marti Ann Draper for Real Party in Interest.

OPINION

ASHBY, J.—Real party sued in respondent court for dissolution of her marriage to petitioner. Petitioner filed a response to the dissolution petition and also filed a motion for change of venue to San Mateo County, predicated upon Code of Civil Procedure section 397, subdivisions 3 and

5. The former subdivision permits a change of venue when the convenience of witnesses *and* the ends of justice would be promoted by the change. The latter subdivision—which is applicable only to dissolution proceedings—permits a change simply upon a showing that it will promote the ends of justice.

Petitioner's motion for change of venue was supported by a declaration dated November 1980 in which he alleged that he and real party were married in 1959, that they had 6 children, the youngest of whom was then 12, that petitioner resided in San Mateo County and had for over 21 years, that real party had lived with him and the children in San Mateo County from the time of their marriage until March 10, 1978, when she disappeared in the middle of the night, while he was at work. The children found her missing when they awoke the next morning. When petitioner returned home he reported her disappearance to police. Petitioner alleged that he became a subject of suspicion in connection with his wife's disappearance, that friction developed between himself and his wife's family, that he was interrogated by police, and that he took a polygraph test which cleared him of wrongdoing. He further alleged that neither he nor the children heard from his wife and did not know if she was dead or alive from March 10, 1978, until December 1979 when she telephoned petitioner's eldest daughter.

The declaration further alleges that about a year before real party's disappearance real party was involved in an automobile accident and that after the accident her behavior appeared to change. She told petitioner that she was involved with a group, which she did not name, and talked of her need to go away to serve God. Petitioner's declaration asserts a belief that real party is under the control of a cult. He further asserts his intention to challenge real party's visitation rights for the protection of the children, and to call the children as witnesses on the issue of visitation.

The declaration further alleges that petitioner has had full responsibility for the children since real party's departure, that he supervises and cares for them physically and emotionally, and that they attend school in San Mateo County.[1] He works in San Mateo County and owns and manages investment properties there. Petitioner contends that a trial in Los Angeles County will constitute a hardship both on himself

---

[1] In the petition filed with this court, petitioner explains that one of the children is now in the service, but the other five live with him.

and the children, necessitating his losing time off work, their losing time out of school, and their being left unsupervised on occasions when he is required to be in Los Angeles and the children are not. He anticipates negative consequences should this occur, due to the emotional trauma they have already suffered as a result of real party's disappearance. Petitioner further alleged that issues of property valuation could most conveniently be litigated at the site of the real property—San Mateo County.

Real party did not file a declaration in opposition to the motion for change of venue, although she did file opposing points and authorities, wherein she referred to a declaration in support of a motion for spousal support, visitation rights and attorney's fees which she had earlier filed. Respondent denied the motion for change of venue. The present petition for writ of mandate, authorized by Code of Civil Procedure section 400, followed. We issued an alternative writ.

█ It is axiomatic that a motion for change of venue is committed to the sound discretion of the trial court and that its ruling will not be disturbed if there is any substantial evidence to support it. (*Churchill* v. *White* (1953) 119 Cal.App.2d 503 [259 P.2d 974].) █ In the instant case, however, we are compelled to conclude that there was no such evidence and therefore that respondent abused its discretion in denying the motion for change of venue. (*Flanagan* v. *Flanagan* (1959) 175 Cal.App.2d 641 [346 P.2d 418].)

Real party's opposition to petitioner's motion failed to challenge petitioner's factual assertions relevant to the question of venue, e.g., petitioner's employment status, the children's school status, and petitioner's responsibility for the children's daily care and supervision. In her earlier filed declaration in support of the motion for spousal support, visitation and attorney's fees, real party denied that she was under the influence of any cult or that she would force her religious beliefs on her children or on others. These averments not only fail to weaken petitioner's cause, they, in fact, strengthen it by confirming that visitation will be in issue and will in all probability necessitate calling the children as witnesses.

Real party's points and authorities in opposition to the motion for change of venue consisted of: (a) a statement that Los Angeles is a

proper place of venue because she currently lives here; (b) a challenge to the legal sufficiency of petitioner's showing under Code of Civil Procedure section 397, subdivision 3; (c) an offer to stipulate that the written report of a nonspecific, yet to be agreed upon, San Mateo real estate appraiser might be received in evidence to eliminate the necessity for such a witness to travel to Los Angeles; and (d) a statement that real party had limited funds and that transfer to San Mateo would constitute an economic hardship to her. This latter allegation was supported by reference to her previously filed declaration in support of the petition for support, visitation and attorney's fees, wherein she claimed that she was unemployed and living on a small insurance settlement.

There is no dispute as to real party's residence in Los Angeles County, but her residence is not the determining factor in this writ proceeding. Petitioner's motion for change of venue did not claim that respondent was not a proper court (Code Civ. Proc., § 397, subd. 1), merely that it was an inconvenient one. (Code Civ. Proc., § 397, subds. 3 and 5.) Similarly, while real party's offer to stipulate to a real estate appraisal may lessen the weight to be accorded the fact that all of the parties' real property is in San Mateo County, it does not address the crux of petitioner's motion which is the economic, educational and financial disruption of the family unit if venue continues in Los Angeles County.

We therefore turn to real party's legal challenge to petitioner's showing under Code of Civil Procedure section 397, subdivision 3. Real party correctly asserts that a motion to change venue based upon the convenience of witnesses must name the witnesses to be called, indicate the nature and relevance of their testimony and explain why the current forum is inconvenient. (*Flanagan* v. *Flanagan, supra,* 175 Cal.App.2d 641.) She argues that these requirements were not met by petitioner and that his showing was deficient because not supported by affidavits from the potential witnesses. We know of no requirement, however, that affidavits be obtained from potential witnesses so long as other competent evidence as to the nature and relevance of the witnesses' testimony and the inconvenience to them of the selected forum is produced by the moving party. In the instant case petitioner declared under penalty of perjury that he intended to challenge real party on the question of visitation and that he intended to call the children as witnesses on this issue. While he did not designate them by name, their identity was certainly known to real party, was before the court in other documents

filed with it, and was adequately established for purposes of the motion. Considered in the context of the allegations regarding real party's disappearance and its effect upon the children, petitioner's declaration was sufficient to establish the subject matter and relevance of their testimony.[2]

Inconvenience to the children was a matter within petitioner's competence. As the custodial parent of the minor children, with supervisory responsibility for their scholastic and emotional well-being, the subject of the inconvenience to them of traveling to Los Angeles was a matter within petitioner's personal knowledge. The facts before us are therefore distinguishable from those in *Union Trust Life Ins. Co.* v. *Superior Court* (1968) 259 Cal.App.2d 23 [66 Cal.Rptr. 270], wherein the moving party attested to the inconvenience of strangers without factual support to demonstrate personal knowledge. The prospect of the children's school attendance being disrupted if venue were maintained in Los Angeles County was sufficient to establish inconvenience to them within the meaning of Code of Civil Procedure section 397, subdivision 3. This evidence of inconvenience to petitioner's witnesses was not countered by any competent evidence of inconvenience to real party's witnesses.[3]

On the issue of which location would promote the ends of justice, the evidence before respondent court was overwhelming. It was undisputed that one party to the marriage was gainfully employed and was also fully responsible for school age children and that the other party was not employed and had no obligations tying her to Los Angeles. The undisputed evidence also disclosed that the unemployed party to the marriage had no separate property and thus the costs of litigation as well as of support would of necessity be borne by the community. Under these circumstances logic demanded that the earning capacity of the sole gainfully employed spouse not be interfered with by the need to litigate in a distant forum. In addition, this conclusion was compatible with the scholastic, physical and emotional needs of the children in

---

[2]In view of the fact that the welfare of the children will be of paramount concern in resolving the visitation issue, it was not necessary for petitioner to demonstrate that their testimony on that issue will be favorable to him.

[3]In her points and authorities in opposition to the motion for change of venue, real party alleges that witnesses as to her present fitness to enjoy visitation rights would be found in Los Angeles, not San Mateo; however, she gives no clue as to the identity of such witnesses, let alone the substance of their testimony or the hardship to them if trial is in San Mateo.

their capacity as nonlitigant but interested parties, as well as with their convenience as potential witnesses.

The only arguably meritorious point raised by real party below in opposition to the motion for change of venue was that her economic position was fragile[4] and that it would increase her costs of litigation if venue were changed. The reverse side of that coin, of course, is that if the case is litigated in Los Angeles, petitioner's costs will be increased while his earning capacity is reduced. Since, as noted, the costs of litigation, as well as real party's support, will ultimately be borne by the community, the issue of such costs to real party should properly be addressed in her petition for spousal support and should not influence choice of venue.

In her answer to the present petition—which is signed by counsel but verified by real party—it is asserted that real party fears for her safety if forced to litigate in San Mateo because petitioner is a violent man who has been convicted of forcefully breaking into the home of real party's relatives in search for real party and that she could not safely stay with any friend or relative known to petitioner. These allegations were not made in respondent court and technically should not be considered in determining the present petition. However, since they were made to influence our decision with respect to the promotion of the interests of justice, some comment appears necessary. The allegations are lacking in any detail as to the time or circumstances of petitioner's alleged intrusion into the relatives' house. In light of petitioner's unchallenged allegations as to the circumstances of real party's disappearance, the suspicion which focused on him and the friction which developed between him and real party's relatives, we cannot conclude that the action to which real party refers represented a threat to her safety, rather than a frantic effort to find her, or that any such possible threat persists at this time. We would also point out that it is highly unlikely that real party will be able to litigate visitation successfully while concealing her current residence from petitioner.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of January 12, 1981, denying petitioner's motion for

---

[4]Real party asserted below that she had never worked during her marriage and had no employable skills. Petitioner alleged that she had worked at the San Francisco airport for three or four years during the marriage. Real party now admits that she did work, a fact which she had forgotten, but claims she has no current prospects for employment.

change of venue to San Mateo County and to enter a new and different order granting said motion.

Kaus, P. J., and Stephens, J., concurred.