[No. B068596. Second Dist., Div. Six. Dec. 10, 1992.]

JEROME F. FORSTER, Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
JUDITH S. FORSTER, Real Party in Interest.

## COUNSEL

Damrell, Nelson, Schrimp, Pallios & Ladine, Roger M. Schrimp and Shawn M. Britton for Petitioner.

No appearance for Respondent.

Chern, Brenneman & Garcia and Gertrude D. Chern for Real Party in Interest.

## OPINION

**STONE (S. J.), P. J.**—Here we hold that the San Luis Obispo Superior Court had a mandatory duty to transfer wife's action for legal separation to Amador County, the county of husband's residence, upon his timely motion pursuant to Code of Civil Procedure section 396b, subdivision (a).[1] We order a peremptory writ of mandate to issue vacating the July 17, 1992, order of respondent court and commanding respondent court to issue an order transferring the San Luis Obispo County action to Amador County.

### PROCEDURAL HISTORY

Judith S. Forster (Wife) and Jerome F. Forster (Husband) were married in November 1988 and resided in Amador County during their entire three-year marriage. Husband continues to live in Amador County. Wife left Amador County on May 7, 1992, and moved to San Luis Obispo County. She filed a petition for legal separation in San Luis Obispo County on May 11, 1992, acknowledging in the petition that the date of separation was May 7, 1992.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

She also sought restraining orders against Husband. Before otherwise appearing in the action, Husband moved for transfer of the action to Amador County, the county of his residence, pursuant to section 396b, subdivision (a).[2]

Wife opposed the motion on grounds that she could not obtain a fair hearing in Amador County. She declared that she had to wait until her husband was away to flee the family home and moved from Amador County in part for personal protection. When her husband tried to force her back by telephoning her, he said that if she decided to come back, she had better look over her shoulder for the rest of her life. Wife declared that Husband used to live in San Luis Obispo and still had family there whom he visited and was able both financially and physically to attend any court matters there. She stated that she had a limited income, could not afford to travel to Amador, nor to house herself once there, and knew only one attorney in town—the one representing her husband.

The court denied Husband's motion for transfer July 17, 1992, stating that "I believe the law is that the residence of either party is appropriate to file for legal separation. Based thereon, since I conclude the petitioner sufficiently alleges her residence in this county, the motion for change of venue is denied." Husband filed for writ of mandate in this court which was denied. The California Supreme Court ordered us to look again. We ordered a stay of proceedings in San Luis Obispo pending determination of the instant writ.

## DISCUSSION

Husband asserts that the trial court erred in focusing upon whether Wife did or did not meet a residency requirement for purposes of filing a petition for legal separation. He is correct. Both the trial court and Wife appear to have confused the concepts of residency for purposes of filing the petition and venue, the proper place for trial of the action. There is no residency requirement for filing a petition for legal separation. (*Hiner* v. *Hiner* (1908) 153 Cal. 254, 260 [94 P. 1044]; 11 Witkin, Summary of Cal.

---

[2]That section provides in pertinent part, ". . . if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers. Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."

Law (9th ed. 1990) Husband and Wife, § 324(5), p. 361; 1 Adams & Sevitch, Cal. Family Law Practice (8th ed. 1992) § K.26, p. K-15; Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1992) § 3:48, ¶ 3-35.) There is a residency requirement for *dissolution* of marriage: one of the parties must have been a resident of the state for six months and the county in which the petition is filed for three months preceding the filing. (Civ. Code, § 4530, subd. (a).) Where one of the parties files for legal separation because at the time of commencement of the proceeding neither party has complied with the residence requirements, either party may, upon complying with these requirements, amend his or her petition or responsive pleading in such proceeding to request a dissolution of marriage. (Civ. Code, § 4530, subd. (b).)

Wife did not file a petition for dissolution in San Luis Obispo County because she did not meet the residence requirement at the time she commenced the proceedings for legal separation.[3] She intended to amend her petition to request dissolution of marriage once she met the residency requirement.

The Family Law Act under which Wife's action for legal separation is brought (Civ. Code, § 4000 et seq.) does not contain rules regarding venue. Therefore, pursuant to the Family Law Act rules, the provisions of law applicable to civil actions generally apply. (Cal. Rules of Court, rule 1206.) The Legislature has specifically provided for venue in dissolution proceedings in the Code of Civil Procedure. The proper county for the trial of a proceeding for dissolution of marriage is the county in which the petitioner has been a resident for three months next preceding the commencement of the proceeding. (§ 395, subd. (a).) When a proceeding for dissolution of marriage has been filed in the county in which the petitioner has met this three-month residency requirement, and the respondent at the time of the commencement of the proceeding is a resident of another county in this state, the court may, on motion, change the place of trial to the county of the respondent's residence when the ends of justice would be promoted by the change. (§ 397, subd. 5.)

■■■ However, because there is no specific statute governing venue in proceedings for legal separation, the venue rules of section 395, subdivision (a), applicable to civil actions generally, govern nullity or separation actions, and the proper place for trial is ordinarily the county of respondent's

---

[3]Although she checked the box on the form indicating that she met the residency requirement for purposes of dissolution, her attorney later acknowledged that it was marked in error.

residence.[4] (Hogoboom & King, *op. cit. supra*, at § 3:57, ¶ 3-37.) Consequently, under section 395, subdivision (a), the proper county for trial was Amador County, the county of Husband's residence. ■ Section 396b is an "explicit codification of the general 'waivability' of venue defects . . . ." (*Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 115 [101 Cal.Rptr. 745, 496 P.2d 817].) Notwithstanding the governing venue provisions, unless the defendant makes a timely motion for change of venue, the action may generally be tried where commenced. (*Ibid.*) ■ Thus, upon Husband's timely motion, the trial court had a duty to transfer the action. (§ 396b, subd. (a).)

Wife sets up a barrage of defenses to Husband's attack on the court's order. Preliminarily she asserts that the writ was untimely because there was no signed order and she seeks sanctions for seeking writ relief without a final order. However, Husband pleaded exigent circumstances and presented a signed order to this court. (See Cal. Rules of Court, rule 56(c).) The writ was timely.

Next, Wife raises abuse of discretion as the proper standard of review and argues that Husband must show that a change of venue will promote the ends of justice in order to prevail, citing *Silva* v. *Superior Court* (1981) 119 Cal.App.3d 301 [173 Cal.Rptr. 832]. That case does not aid her. In *Silva*, the wife filed for dissolution in Los Angeles Superior Court, and the husband filed a response to the dissolution petition and also filed a motion for change of venue predicated upon section 397, subdivisions 3 and 5. ■ Subdivision 3 permits a change of venue when the convenience of witnesses and the ends of justice would be promoted. Subdivision 5, applicable only to dissolution proceedings, permits a change upon a showing that it will promote the ends of justice. (*Silva, supra,* at p. 303.) Abuse of discretion is the proper standard for motions brought on those grounds. (*Id.,* at p. 304; *Braunstein* v. *Superior Court* (1964) 225 Cal.App.2d 691, 698 [37 Cal.Rptr. 666].) It is also the proper standard for reviewing an order transferring a case to the municipal court under section 396. (*Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 272 [279 Cal.Rptr. 576, 807 P.2d 418].)

Instead, Husband's motion was based on section 397, subdivision 1, i.e., that ". . . the court designated in the complaint is not the proper court." If upon the hearing of the motion it appears that the proceeding was not commenced in the proper court, "the court *shall* . . . order the action or

---

[4]Section 395, subdivision (a) states that, "[e]xcept as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. . . ."

proceeding transferred to the proper court." (§ 396b, subd. (a), italics added.) Only if an answer is filed may the court consider opposition to the motion to transfer and retain it in the county where commenced if it appears that the convenience of the witnesses or the ends of justice will thereby be promoted. (§ 396b, subd. (d).) Husband did not file an answer or responsive pleading.

Wife asserts that the bench and bar have relied on leading authorities that there is no residence requirement for venue in an action for legal separation. That statement is misleading. The authorities upon which she relies and which are cited herein (Hogoboom, Adams & Sevitch, and Witkin) do not state that there is no venue requirement for legal separation proceedings. They state that there is no residency requirement. To the extent venue is discussed, they state that venue follows the general provisions of section 395, subdivision (a).

Wife points out that Hogoboom and King in their treatise on family law, cited *ante*, recognize that there is a potential venue dilemma where parties move to separate counties, neither county being the proper venue county for a dissolution action until one of the spouses retains residency in the forum county for three months. (Hogoboom & King, *op. cit. supra*, at § 3:51.1, ¶ 3-36.) "And while there is no residency requirement for legal separation proceedings [citation], the general *venue* rules require a legal separation action to be brought in the county of *respondent's* residence [section 395, subdivision (a) . . . ]. [¶] Thus, under the above illustration, suppose W[ife] files for legal separation in Alameda, intending to amend her petition in three months to seek marriage dissolution. Venue for the legal separation is technically *wrong* in Alameda (the action should be commenced in Contra Costa, where respondent H[usband] lives). Yet in three months Alameda would be the proper venue for W[ife]'s *dissolution* action. This scenario frequently raises a venue dilemma—i.e., how to resolve H[usband]'s (respondent's) venue objection motion. There is no clear answer to date; but the apparent consensus is that the Legislature should amend the venue statutes to make venue in a *legal separation* action proper in the county of filing so long as *either party* resides in that county at the time action is commenced." (*Ibid.*, italics in original.)

We agree that the same reasons why the Legislature originally amended sections 395 and 397 for purposes of venue in dissolution actions are equally compelling in proceedings for legal separation. At the time of the amendments in 1955, in most cases a divorce action was required to be tried in the county of the defendant's residence. (*Lummis* v. *Lummis* (1956) 144 Cal.App.2d 255, 257 [300 P.2d 869].) " 'Generally this removed the action from the locality where the parties maintained their matrimonial domicile

and where witnesses and persons have a knowledge of facts bearing upon various issues are apt to be found . . .'; that the proposed change in section 395 would remove the defendant's absolute right to have the venue changed to his county of residence in such a case; and that the proposed change in section 397 was sufficiently flexible to permit the court to order a change of venue where the ends of justice would be promoted by such a change." (*Ibid.*; see also *Henson* v. *Superior Court* (1963) 218 Cal.App.2d 327, 329 [32 Cal.Rptr. 404].) However, we also agree with Judge Hogoboom and Justice King that the task of rectifying this apparent incongruity is for the Legislature. We cannot—and should not—create a judicial exception to the venue statutes. ▪ A plaintiff's right to trial in some county other than that of a defendant's residence is an exception to the general rule and requires express statutory justification. (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 483 [208 Cal.Rptr. 724, 691 P.2d 272]; *Mosby* v. *Superior Court* (1974) 43 Cal.App.3d 219, 224 [117 Cal.Rptr. 588].)

Wife presents an argument in these writ proceedings not raised in the trial court. ▪ She asserts that San Luis Obispo is the appropriate county for trial of the action because the parties' premarital agreement was entered into in San Luis Obispo County.[5] Section 395, subdivision (a), provides that the county in which the contract in fact was entered into is a proper county for trial when the defendant has contracted to perform an obligation in a particular county. Although the statute refers to the venue rights of the defendant, legal authorities have not distinguished whether the party claiming venue at the place of contracting need be the plaintiff or defendant. (See, e.g., 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 593 et seq.; *Mitchell* v. *Superior Court* (1986) 186 Cal.App.3d 1040, 1045 [231 Cal.Rptr. 176]; *Armstrong* v. *Smith* (1942) 49 Cal.App.2d 528, 531-532 [122 P.2d 115]; *Braunstein* v. *Superior Court, supra,* 225 Cal.App.2d at p. 697.)

In any case, assuming that section 395, subdivision (a) allows venue for an action on a contract where the plaintiff or petitioner entered the contract, and even if interpretation of the premarital agreement will be the " 'main relief' " sought in the dissolution proceedings (see 3 Witkin, Cal. Procedure, *supra,* at § 555, p. 581), it would be ingenuous to hold that the "main relief" sought in the legal separation proceedings was interpretation of the premar- ·ital agreement. An action for legal separation is essentially one for support. (*Goodwine* v. *Superior Court* (1965) 63 Cal.2d 481, 483 [47 Cal.Rptr. 201, 407 P.2d 1]; 11 Witkin, Summary of Cal. Law, *supra,* at § 324, p. 361.)

Wife indicates that if the Amador County action filed by Husband were permitted to proceed, she would be a "defendant" in his dissolution proceedings with the right of application for removal to San Luis Obispo County.

---

[5]Wife signed the premarital agreement in San Luis Obispo County and Husband signed it in Orange County.

However, since venue would be proper in Amador County due to Husband's residency there for three months prior to his filing for dissolution (§ 395, subd. (a)), transfer back to San Luis Obispo would be discretionary under section 397.

Wife argues that the "conflict between the procedural rules of CCP 396b and the substantive spousal-protection policies can be avoided by denying the writ." She asserts that this court has the power to interpret or apply the venue statutes in the light of the greater public policy of protecting spouses-at-risk: ". . . unless there is a clear indication that to do so will interfere with the legislative intent underlying the enactment of a statute, courts will enlarge the terms and provisions of statutes by construction to meet the evolving mores of society." (*Barrett* v. *Superior Court* (1990) 222 Cal.App.3d 1176, 1192 [272 Cal.Rptr. 304].)

Wife asserts there are inconsistencies between section 396b, which gives the court the power prior to determining the motion to transfer, to order temporary support, counsel fees and costs, and the Family Law Act, which allows for issuance of necessary restraining orders. (See, e.g., Civ. Code, § 4359.) Under section 396b, the court apparently has no statutory power to make orders protecting a party from domestic violence, harassment, or to enjoin the transfer or encumbrance of property, or loss of insurance, all orders which are provided for in the standard Judicial Council forms. She asserts that under Judicial Council rules the San Luis Obispo court had the power to issue the requested restraining orders, and at a minimum, the case should be returned to that court for that purpose.

There are several weaknesses in this argument. First, as Wife acknowledges, she chose not to seek restraining orders at the time Husband moved for transfer, and we need not decide whether the court could make such orders pending determination of a motion to transfer. Nonetheless, it would appear from the language of the statute that if restraining orders are "necessary and proper" in connection with "motions for allowance of temporary alimony, support of children, counsel fees and costs," the court has the power to issue them. (See § 396b, subd. (c).) Moreover, she can seek these same restraining orders in Amador County in Husband's dissolution proceeding.

Second, under the Domestic Violence Prevention Act (§ 540 et seq.), Wife or any person who, by affidavit, shows reasonable grounds to the satisfaction of the court, can obtain restraining orders without the necessity of filing a

petition for legal separation, nullity of marriage, or dissolution of marriage. (§ 545.) There is nothing in either section 545 or Civil Code section 4359 which indicates that properly issued restraining orders are invalid pending determination of a motion to transfer or if the action is transferred to another county.

Finally, Wife argues that the word "shall" in section 396b should be liberally interpreted to be directive rather than mandatory. ■ Whether the word "shall" should be construed to be mandatory or directory depends on the intentions of the Legislature in enacting the particular section. (*Estate of Mitchell* (1942) 20 Cal.2d 48, 51 [123 P.2d 503].) Wife asserts that since section 396b, subdivision (d) provides generally that if an answer has been filed, the court may then consider opposition to the transfer sought, and that under subdivision (a), if the defendant does not timely object to venue, the action may be tried in the court where commenced, the word "shall" is more directory than mandatory.

Turning to her last argument first, Wife's own discussion of the statutory language defeats her. Since the Legislature used the words both "shall" and "may" in the different subdivisions of section 396, it presumably did so to distinguish between mandatory and directory provisions. Concerning the original intentions in enacting the venue statutes, the law is clear. " 'The right of a defendant to have an action brought against him tried in the county of his residence is an ancient and valuable right, safeguarded by statute and supported by a long line of decisions. The right of a plaintiff to have an action tried in a county other than that of the defendant's residence is exceptional. If the plaintiff would claim such right he must bring himself within the exception.' " (3 Witkin, Cal. Procedure, *supra*, at § 576, p. 601, quoting *Kaluzok* v. *Brisson* (1946) 27 Cal.2d 760, 763 [167 P.2d 481, 163 A.L.R. 1308]; accord, *Brown* v. *Superior Court*, *supra*, 37 Cal.3d at p. 483.)

Although, as Witkin notes, the class of transitory actions triable solely at the defendant's residence has been steadily decreasing by enactment of statutes providing for additional venue in most common types of actions (3 Witkin, Cal. Procedure, *supra*, at § 576, p. 601), again the operative words are "enactment of statutes." Husband had a right under section 396b, subdivision (a), to have the proceedings transferred to Amador County, the county of his residence.

We order a peremptory writ of mandate to issue vacating the July 17, 1992, order of respondent court denying Husband's motion to change venue and commanding respondent court to issue an order transferring the San Luis

Obispo County action to Amador County. The alternative writ is discharged, and the stay order is vacated. Each side to bear its own costs.

Gilbert, J., and Yegan, J., concurred.