Filed 11/20/25 Modified and Certified for Pub. 12/19/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of LILY and NIKHIL PATEL. | |
| LILY PATEL,<br><br>    Appellant,<br><br>        v.<br><br>NIKHIL PATEL,<br><br>    Respondent. | G064218<br><br>(Super. Ct. No. 24D000720)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, James L. Waltz, Judge. Affirmed.

Law Offices of Michele A. Dobson and Michele A. Dobson for Appellant.

Walzer Melcher & Yoda, Christopher C. Melcher, Steven K. Yoda and Cynthia J. Ponce for Respondent.

\*        \*        \*

Lily Patel appeals from an order granting the motion of her husband, Nikhil Patel, to dismiss her petition for legal separation. The family court granted Nikhil's[1] motion and dismissed Lily's petition for legal separation on the grounds that a judgment of legal separation could not be rendered without the consent of both Lily and Nikhil, and Nikhil had declared he would not consent to legal separation. We affirm.

**FACTS**

We limit our statement of facts to those necessary to resolve the issues presented by this appeal.

Lily and Nikhil were married in August 2002. They have a daughter, Leela (born May 2011) and a son, Talin (born February 2016). Both Leela and Talin were born in the State of Georgia.

After living in Italy for a time, the family moved to California, where they lived from about December 2019 to June 2023. In July 2023, the family moved to Atlanta, Georgia where they lived in a condominium unit owned by Nikhil. Leela and Talin enrolled in school in Atlanta. Nikhil and Lily began searching for a larger home in the Atlanta area.

In December 2023, Lily took Leela and Talin to California to visit Lily's family. They planned to return to Georgia in January 2024. Nikhil joined them in California in early 2024.

On January 8, 2024, Nikhil and Leela returned to Georgia. Lily and Talin stayed in California. Nikhil contends that Lily and her family

---

[1] As is customary in family law matters, we address the parties by first names for convenience and to avoid confusion, and not out of disrespect.

kidnapped Talin and refused to allow him to return to Georgia with him. Lily contends that Nikil "abruptly changed our original plans to stay in California" and took Lily back to Georgia.

## PROCEDURAL HISTORY

In January 2024, Lily filed a request for domestic violence restraining order (DVRO) against Nikhil in the California Superior Court, County of Orange. With the request for DVRO, Lily requested custody of Talin and Leela. Lily's request for DVRO is not in the appellate record. The family court issued a temporary DVRO on January 11, 2024 and an amended temporary DVRO on February 2, 2024.

On February 1, 2024, Lily filed a petition for legal separation in the California Superior Court, County of Orange. Lily's petition for legal separation is not in the appellate record. In this petition, Lily requested custody of Leela and Talin.

On February 20, 2024, Nikhil filed a complaint for divorce against Lily in the Superior Court of Fulton County, State of Georgia. The complaint alleged: "The parties formerly resided together in Fulton County, Georgia within the six (6) months prior to the filing of this *Complaint for Divorce and Other Relief*. Specifically, the parties and their two minor children all together moved to Fulton County, Georgia on or about July 7, 2023."

Nikhil moved to dismiss Lily's request for custody in her request for DVRO on the ground California lacked subject matter jurisdiction over Leela and Talin under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), Family Code section 3400 et seq. Lily submitted opposition,

3

which included her declaration, to Nikhil's motion to dismiss Lily's request for child custody.

On March 6, 2024, Nikhil brought a separate motion to dismiss Lily's petition for legal separation. The motion was made on the ground Family Code section 2345 provides that a court may not render a judgment of legal separation without the consent of both parties, and Nikhil would not consent to legal separation. Lily's opposition to this motion to dismiss is not in the appellate record.

On May 10, 2024, the family court heard Nikhil's motion to dismiss Lily's petition for legal separation. The court granted the motion, and on May 14, 2024, an order was entered dismissing Lily's petition for legal separation without prejudice to Lily filing a petition for dissolution "at the appropriate time, if she chooses." On May 24, 2024, Lily filed a notice of appeal from the order denying her petition for legal separation.

Child custody jurisdiction remained an issue after dismissal of Lily's petition for legal separation because Lily had requested custody in her request for DVRO. On May 31, 2024, the family court issued a statement of decision granting Father's motion to dismiss Lily's request for child custody pursuant to the UCCJEA. The court found: "The parties dispute home state jurisdiction under the UCCJEA. Each party filed custody proceedings in different states. The mother filed for legal separation in California while the father filed dissolution proceedings in the State of Georgia. Given the jurisdiction controversy, judges in both states contacted one another as stated within the UCCJEA. A telephone discussion was conducted by on April 19, 2024, between California Superior Court, County of Orange, Judge James L. Waltz and Georgia Superior Court, Fulton County, Judge Shermela J. Williams. [¶] After a comprehensive discussion, both jurists agreed that the

4

Georgia is the home state of the children and Georgia has continuing exclusive jurisdiction over the children. (Fam. Code, § 3421.)"

## DISCUSSION

A judgment of legal separation permits the parties to a marriage to separate their property rights and financial affairs without severing the marital bonds. (*Irvin v. Contra Costa County Employees' Retirement Assn.* (2017) 13 Cal.App.5th 162, 168.) Legal separation, unlike divorce, is entirely voluntary. Family Code section 2345 states: "The court may not render a judgment of the legal separation of the parties without the consent of both parties unless one party has not made a general appearance and the petition is one for legal separation." (See *Irvin* at p. 168 ["The family court can render a judgment of legal separation only with the consent of both parties, unless the judgment is taken by default"].)

In moving to dismiss Lily's petition for separation, Nikhil submitted a declaration in which he stated, "I do not consent to a California judgment of legal separation."

Although Family Code section 2345 barred the family court from rendering a judgment of legal separation without Nikhil's consent, Lily argues section 2345 did not grant the court the authority to dismiss that petition. Family Code section 2345 does not expressly authorize a motion to dismiss. However, by creating a condition to rendering a judgment of legal separation (the consent of both parties), section 2345 impliedly authorizes dismissal if that condition has not or cannot be met. "A court has inherent power, upon a sufficient factual showing, to dismiss an action "'shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process.'" [Citation.]" (*Flores v. Georgeson* (2011) 191 Cal.App.4th 881, 887;

5

see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2025) ¶ 7:370, p. 104 ["Despite lack of statutory authority, courts may assert their *inherent judicial power* to dismiss cases in which no valid cause of action . . . is stated"].)

A judgment of dissolution of marriage may not be entered unless one of the parties to the marriage has been a resident of California for six months and a resident of the county in which the proceeding was filed for three months immediately preceding the filing of the petition. (Fam. Code, § 2320, subd. (a).) In contrast, there is no residence requirement for filing a petition for legal separation and obtaining a judgment of separation. (*Forster v. Superior Court* (1992) 11 Cal.App.4th 782, 785–786; see Hogoboom et al., Cal. Practice Guide: Family Law (The Rutter Group 2024) ¶¶ 2:29, 3:161, pp. 2-11, 3–77.) Spouses who do not meet the residency requirement for dissolution may file a petition for legal separation and later amend the petition to request dissolution once the residence requirements have been met. (Fam. Code, § 2321, subd. (a).) "These rules give the parties a tactical option when marriage dissolution is the real goal but neither presently meets the statutory residence requirements: i.e., an immediate petition for legal separation may be filed and then, upon compliance with the §2320(a) residence requirements, *amended* to request a judgment of dissolution. [Fam.C. §2321(a)]." (Hogoboom et al., *supra,* ¶ 2:29 at p. 2-11.)

When Lily filed her petition for legal separation, she did not meet the residence requirement for seeking dissolution. Although Lily claims she filed her petition for legal separation with the intent to later amend it to

6

allege dissolution, no evidence supports that claim.[2] Neither Lily's petition for legal separation nor Lily's opposition to Nikhil's motion to dismiss that petition appears in the appellate record. Lily cites to a passage from Nikhil's motion to dismiss which states: "query whether, after [Lily] satisfies California's 6-month residency requirement—which she does not satisfy at present—she might later amend her Petition for Legal Separation into a Petition for Marital Dissolution." Nikhil's question about whether Lily would amend her petition is obviously not evidence that she intended to do so.

The appellate record does not reveal whether Lily opposed Nikhil's motion to dismiss her petition for legal separation on the grounds she intended to amend to seek dissolution once she had satisfied the residence requirement. Lily's opposition to that motion is not in the appellate record. In her appellant's brief, Lily asserts that during the hearing on Nikhil's motion to dismiss, her counsel argued Lily intended to amend her separation petition to seek dissolution. No reporter's transcript of the hearing was requested or prepared, and so, for purposes of appeal, the argument was not made. (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 [an "immutable" rule of appellate law is "if it is not in the record, it did not happen"].)

---

[2] Lily's motivation for filing her petition for legal separation appears to have been to file "first in time" over Nikhil's petition for divorce in Georgia. Nikhil filed a petition for divorce, with a request for custody of Talin and Leela, on January 4, 2024, in Georgia. He amended that petition on January 25, 2024. That petition, once served, would have notified Lily of Nikhil's intent to obtain a divorce and child custody. On February 20, 2024, Nikhil dismissed his petition for divorce and filed a new petition for divorce, which he describes as the "now-operative Complaint," on February 20, 2024, after Lily filed her petition for legal separation.

The appellate record also does not reveal whether Lily ever sought a continuance of the motion to dismiss her petition for legal separation to give her time to meet the residence requirement and amend to seek dissolution. Lily did make a request to "Advance and Continue the May 9th and May 31st hearings to after June 3rd." It is unclear which of Nikhil's motions was set for which hearing date. In any case, Lily made that request to advance and continue on the ground she had new counsel who needed time "to get up to speed on the case and clear the jurisdiction issues" and new counsel would be out of the country from May 22nd to June 3rd. The request to advance and continue does not mention any need for Lily to satisfy residence requirements in order to amend the petition for legal separation to allege dissolution.

## DISPOSITION

The order dismissing Lily's petition for legal separation is affirmed. Nikhil may recover costs on appeal.



                                        SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re the Marriage of LILY and NIKHIL PATEL. | |
| LILY PATEL, | G064218 |
| Appellant, | (Super. Ct. No. 24D000720) |
| v. | ORDER GRANTING REQUEST FOR PUBLICATION; |
| NIKHIL PATEL, | MODIFICATION OF OPINION; |
| Respondent. | NO CHANGE IN JUDGMENT |

Respondent requested that our opinion, filed on November 20, 2025, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c)(2),(6). The request is GRANTED. This opinion is ordered published in the Official Reports as modified by the following order.

It is hereby ordered that the opinion be modified as follows:

On page 2, line 6 of the first full paragraph, following the second sentence, insert the following: "Under the record presented to us, the family court had the authority to dismiss Lily's petition for legal separation and did not err by doing so."

Same paragraph, last line should read "We therefore affirm."

On page 6, the paragraph commencing at the bottom of that page starting with "When Lily filed . . . ," line 2, change "residence" to "residency."

On page 7, first full paragraph, line 4, change "residence" to "residency."

On page 8, first full paragraph, line 3, change "residence" to "residency" and first full paragraph, line 11, change "residence" to "residency."

On page 8, after the first full paragraph, above the disposition, enter a new paragraph with the following: "The family court therefore did not err by dismissing Lily's petition for legal separation. Whether upon a complete record we would have reached the same conclusion is a question we need not address."

There is no change in the judgment.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.


2